McGehee *vs.* Greer.

M'GEHEE *VS.* GREER.

1. A payment made on a note is equivalent to an admission, that at the time of the payment, the debt was due, but the party relying on such payment must prove its date;—as, to permit that fact to be established by the credit entered on the note, would be allowing the party relying on it, to make evidence for himself.

2. Where a party, by a demurrer to evidence, takes from the jury their legitimate business, the court will incline against him in cases where the tendency of the proof is doubtful.

3. It is a well established rule, that payment of part of a debt removes the bar of the statute of limitations, so as to prevent the statute from running previous to such payment.

Error to the County court of Tuskaloosa.

This was an action of assumpsit upon a promissory note, signed by the defendant in error. To the declaration, the defendant plead, the general issue, and the statute of limitations.

The writ was issued on the twenty-fifth day of March, eighteen hundred and twenty-nine—The note was dated the fourteenth day of February, eighteen hundred and twenty-three, and was payable one day after date.

The plaintiff offered in evidence the note declared on, upon which appeared the following endorsements:—

"Sept. 21, 1824. Received of the within amount, sixty dollars."

"March 20, 1835 Received of the within note, one

McGehee *vs.* Greer.

hundred and twenty-seven dollars, sixty-nine cents, in Bend's note."

The plaintiff proved by a witness, that a short time before the suit was brought, he (the witness, called on the defendant, in behalf of the plaintiff, for payment of said note; when the defendant informed the witness that the note was just, but that there was a credit to which he was entitled, on account of a claim on one Bend : that thereupon the witness stated to defendant, there was a credit on the note for the Bend claim. The witness also stated, that according to his best recollection, he showed to the defendant the note and credit.

The defendant's counsel having demurred to the evidence, the case went to the court, who sustained the demurrer, and gave judgment for the defendant.

*Crabb*, for plaintiff in error.
*Peck*, contra.

ORMOND, J.—Scarcely any subject has been more prolific of disputes and subtle distinctions, than the statute of limitations, and it is a matter greatly to be regretted, that the plain letter of the statute has ever been departed from. In the case of St. John vs. Garrow, (4 Porter, 223,) it was held, that an acknowledgment of a subsisting liability, will take a case out of the statute; and in the case of Watson vs. Dale, (1 Porter, 243)—that a payment endorsed on a note, would remove the bar of the statute. A payment on a note is, we think, precisely equivalent to an admission, that at the time of the payment, the debt is due; but it is necessary that the party

McGehee *vs.* Greer.

relying on such payment, should prove the date of the payment: to permit that fact to be established by the credit entered on the note, would be manifestly allowing the party relying on it, to make evidence for himself.

The question, then, which the court, under the issue, had to try, was, whether the payment relied on to take the case out of the statute, was made at the time it bears date. This fact is to be ascertained by the testimony.

The witness who presented the note to the defendant in error, states that when he called on him for payment of the note, he admitted it was just, but that he was entitled to a credit on account of a claim against a certain Bend; the witness then informed him that there was such a credit on the note, and that *according to his best recollection*, he showed the note and credit to the defendant.

The court being, by the demurrer to evidence, substituted for the jury, and required to draw all such conclusions from the testimony as a jury could reasonably infer, let us enquire what the effect of this proof is. The witness, it is true, does not swear positively that the defendant saw the note, and the credit endorsed on it, but as mathematical certainty is not required, and as there was no testimony impeaching the recollection of the witness, the testimony must be held as establishing the fact, that the defendant saw the credit on the note. The language used by him, it is true, implies something short of absolute certainty, but this is the case with all parol testimony. In every case, a witness swears according to his best recollection, and whether he expresses himself thus or not, there is always a possibility that he may be

mistaken. We cannot doubt that a jury would consider the fact as proved.

What is its effect? It is an established principle, that silence, when a statement is made from which a charge is to arise, is sufficient to authorise a jury to infer that the charge is true. This inference is founded on an obvious principle of human nature, and is constantly acted on, not only in the jury box, but in the business of life. It is by no means conclusive, and is perhaps the weakest of all testimony, on which to form a verdict; yet it is a conclusion which the jury may draw from the fact. It is a presumption which cannot be considered a violent one. If gentlemen will, by this proceeding, take from the jury their legitimate duties, and devolve them on the court, they must expect that the court will incline against them, in all cases where the tendency of the proof is doubtful.

We think, therefore, that as it is fair to infer that if the date of the credit had not been correct, the defendant would have objected to it, for that cause—it must be considered as proven, that he admitted the credit as made. This brings the case within the influence of the decision cited from 4th Porter, which is also an authority to show that the proof was properly admitted, under a general replication to the plea.

We have been urged to decide in accordance with the latest decisions, that an *express promise* is necessary to take a case out of the statute of limitations.

We understand it to be well established, that a payment of part of the debt removes the bar of the statute, so as to prevent the statute from running, previous to such payment.

The judgment of the court below is reversed, and judgment to be rendered here.

Judge *Collier* having once been of counsel in this case, did not sit at the argument.