# Curtis v. Daughdrill.

## Action on Promissory Note.

1. *When proper pleadings presumed on appeal to have been filed.*—After the parties, without objection for the want of appropriate pleadings, have proceeded to a trial upon the merits in the primary court, this court will presume, on appeal, that the proper pleadings were filed or waived.

2. *Demurrer to evidence; its effect.*—The effect of a demurrer to evidence is, as declared by statute, an admission upon the record, by the party demurring, of the truth of the evidence, and of every inference or conclusion the jury could legally deduce therefrom; and this is a mere affirmation of the well defined rule of the common law, that if a party voluntarily substituted the court for the jury, the court must render judgment against him, if the jury could have legally found a verdict against him.

3. *Statute of limitations; effect of partial payment.*—The statute gives to a partial payment the effect of removing or arresting the bar of the statute of limitations, only when it is made before the bar is complete; if the bar is complete, a partial payment will not remove it.

4. *Same; credits endorsed on note must be proved.*—Where the fact of a partial payment is disputed, an indorsement on a promissory note, purporting to be of a partial payment made at a time when the bar of the statute of limitations was not complete, is not evidence that the payment was made at the time specified.

5. *Same; effect of credit indorsed on note, on demurrer to the evidence.* But where the bar of the statute is sought to be removed by a partial payment on a promissory note, on which a credit is indorsed, purporting to be a payment made before the bar of the statute was complete, and the credit is shown to be in the handwriting of the plaintiff, the payee of the note, and the note, with the credit thereon, is read in evidence without objection, the court, on a demurrer to the evidence interposed by the defendant, may infer, as the jury might, if the question had been left to their determination, that the payment was made at the time specified in the indorsement, thereby removing the bar of the statute.

APPEAL from Marengo Circuit Court.

Tried before Hon. WM. E. CLARKE.

This was a suit by T. T. Daughdrill against C. S. Curtis, and was commenced on 8th March, 1882. The plaintiff declared on two promissory notes, one for $73.70, dated 10th February, 1873, and payable one day after date; the other for $17.00, dated December 10th, 1878, and payable one day after date. The defendant pleaded that "the note of seventy-three 70-100 dollars sued on by plaintiff is barred by the statute of six years." No other plea was filed. The record contains no replications to the plea, nor does it show that any were in fact filed. After stating that the suit was brought on two promissory notes made by the defendant to the plaintiff, which are set out *in hæc ver-*

[Curtis v. Daughdrill.]

*ba;* and correspond in amount, date, etc., with the notes declared on; and that the note for $73.70 had two credits endorsed thereon, in the handwriting of the plaintiff, one for $7.50, as of date April, 1876, and the other for $7.00, without date, with plaintiff's signatures to the endorsements; and that the defendant only pleaded the statute of limitations of six years to this note, the bill of exceptions proceeds: "The plaintiff, by James T. Jones, his counsel, offered in evidence to the jury the above mentioned and described notes, and asked the court that the same might be read and given in evidence to the jury, to which the counsel for defendant demurred. The court overruled the demurrer, to which defendant excepted." The record also contains a demurrer to the evidence, and a joinder therein by the plaintiff.

The ruling of the court above noted is here assigned as error.

S. M. TORBERT and BRAGG & THORINGTON, for appellant.

J. T. JONES, *contra.*

BRICKELL, C. J.—The replications, if any, which were filed to the plea of the statute of limitations, the only defense interposed, are not shown by the record. The presumption, if necessary to support the judgment, must be indulged that formal replications were waived; or that they were filed and have been lost, or by clerical omission have not been introduced into the record. After the parties, without objection for the want of appropriate pleadings, have proceeded to a trial upon the merits in the primary court, it has long been the practice of this court, on error, to presume that the proper pleadings were filed or waived.—1 Brick. Dig. 782, § 133.

The effect of a demurrer to evidence is declared by statute. It is an admission upon the record, by the party demurring, of the truth of the evidence, and of every inference or conclusion the jury could legally deduce therefrom.—Code, 1876, § 3104. This is a mere affirmation of the well defined rule of the common law, that if parties voluntarily substitute the court for the jury, the court must render judgment against the party inviting it into the relation and province of the jury, if, in the amplitude of their power to determine the sufficiency and weight of the evidence, and to draw from it inferences and conclusions, they could legally have found a verdict against him. 1 Brick. Dig. 883, § 1146.

A partial payment made upon a debt, before or after the bar of the statute of limitations was complete, prior to the Code, operated as an acknowledgment of the debt, from which a new promise to pay could be inferred, arrested the running of the

statute, and from the day of such payment the bar was thereafter computed. In respect to promissory notes, or other contracts in writing for the payment of money simply, the ordinary and usual mode parties adopt of showing the fact of a partial payment is a credit indorsed upon the note or writing. If the fact of the payment is disputed, it must be shown that it was actually made at the time specified in the indorsement. The indorsement is not, in that event, evidence of the payment; for it may have been made by the holder or payee in bad faith, without the privity or consent of the party to be affected by it.— *Watson v. Dale,* 1 Porter, 247; *McGehee v. Greer,* 7 Port. 537; *Teague v. Corbitt,* 57 Ala. 529. The statute now gives to a partial payment the effect of removing or arresting the bar of the statute of limitations, only when it is made before the bar is complete; if the bar has been completed, a partial payment will not remove it.—Code of 1876, § 3240. The credits indorsed on the note in this case purported to be of payments made before the bar of the statute was complete, and were indorsed in the writing of the payee. These credits were read in evidence without objection—there was no objection to their admissibility. If the cause had progressed to a trial before the jury, the court would doubtless have instructed them, that these credits were not of themselves evidence of payments by the appellant at the times they bore date; that the party relying on them must prove that such payments were made at the times specified, or before the bar of the statute was complete. The fact would have remained, that, as evidence of payments at the times specified, the appellant had suffered them to be introduced without objection. It is certainly not impossible, that the jury would have inferred the appellant was silent, when he would have spoken, if the credits do not speak the truth; and would, as they could have done legally, rendered a verdict against him.—*McGehee v. Greer, supra; Teague v. Corbitt, supra.* The presumption that they would have rendered such a verdict is not violent; they may not have supposed that to them was transferred the duty of pronouncing upon the admissibility of evidence. When by demurrer to the evidence the parties devolve upon the court the duties of the jury, it is simply obedience to the statute to pronounce judgment against them, if the jury could have legally rendered a verdict against them.

Affirmed.