# Central Railroad & Banking Co. *v.* Roquemore.

*Action against Railroad Company for Killing Stock.*

1.   *General charge on the evidence; when should be refused.*—A written charge to the jury, requested by the defendant, that "if they believe the evidence they must find for the defendant," should be refused, when a demurrer by the defendant to the evidence could not properly be sustained.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

Action by Albert Roquemore against the Central Railroad and Banking Company of Georgia to recover damages for the negligent killing of the plaintiff's cow.

The evidence for the plaintiff tended to show that on December 12, 1890, at a point a short distance west of the Hoboken tank on the defendant's railroad, the plaintiff's cow was killed by a west-bound passenger train which was moving at a high rate of speed; that the cow came out of a field south of the track and in attempting to cross the track was struck by the train and killed; that the track was straight for the distance of a quarter of a mile east of the place where the cow was killed, and that there were no obstructions to cut off the engineer's view south of the track; and that the engineer neither sounded the whistle nor rung the bell before the cow was struck.   The testimony of the locomotive engineer, who was examined as a witness for the defendant, tended to show that the track was straight from Hoboken to the tank, but curved to the right just about the tank, which was on the right or north side of the road; that the tank obstructed his view ahead to the point where the cow was killed, until he got opposite the tank; that when he reached the tank, he saw the cow eight or ten feet south of the track and about one hundred feet ahead of the engine; that the cow started toward the track, and he reversed the engine and applied the brakes to stop the train, but that it

[Central R. R. & Banking Co. v. Roquemore.]

was impossible to stop the train after he saw the cow and before striking it; that he did not ring the bell or blow the whistle after he saw the cow, because he did not have time to reverse the engine and put on brakes and also ring the bell or blow the whistle. Upon the introduction of all the evidence, the defendant in writing requested the court to charge the jury, that "if they believe the evidence they must find for the defendant." The refusal of the court to give this charge is now assigned as error.

Roquemore, White & McKenzie, for appellant.

S. H. Dent, contra.

COLEMAN, J.—This was an action to recover damages for the negligent killing plaintiff's cow. The only error assigned is the refusal of the court to give the general affirmative charge for the defendant. This charge should never be given, except in cases where, if the party who requests the charge had demurred to the evidence, the court could have properly sustained the demurrer.—Freeman v. Scurlock, 27 Ala. 411; 1 Brick. p. 335. The effect of a demurrer to evidence is an admission by the party demurring of the truth of the evidence demurred to, and of every inference and conclusion which a jury could legally deduce therefrom.—Code, § 2747; Curtis v. Daughdrill, 71 Ala. 590; Armstrong v. Armstrong, 29 Ala. 541; 1 Brick. 883, § 1146. If, instead of asking the general charge, the defendant had demurred to plaintiff's evidence, the court could not have legally sustained the demurrer.

It follows from the foregoing well established principles of law, that the court did not err in refusing the charge as requested.

Affirmed.