# Montgomery Street Ry. Co. *v.* Rice.

*Action to Recover Damages for Injuries to a Mule.*

1. *Street Railroads; Wantonness, vel non, Question for Jury.*—In an action against a street railroad for injuries to a mule, caused by a collision with a car, whether the railroad was guilty of a wanton or wilful wrong *held*, under the evidence, a question for the jury.

2. *Same; Pleading; Charge to Jury.*—In an action against a street railroad for injuring a mule, a charge that the motorman had the right to assume that travelers would look and listen for approaching cars before attempting to cross the track, and the jury might consider that fact in determining whether or

[Montgomery Street Ry. Co. v. Rice.]

not the motorman was guilty of a wilful wrong, singled out and gave undue emphasis to a particular fact, and was properly refused.

3. *Same.*—In an action against a street railroad for injuring a mule, a charge that defendant was not guilty of a willful or wanton wrong if the car was being run ot the rate of five or wanton wrong if the car was being run at the rate of five question for the jury, and not the court, to decide.

4. *Same.*—A charge calling on the trial court to declare that there is no evidence of a particular fact is properly refused.

5. *Same; Negligence; What Necessary to Constitute Wilful or Wanton Negligence.*—In order that one may be held guilty of wilful or wanton conduct, it must be shown that he was conscious of his conduct, and conscious from his knowledge of existing conditions, that injury would likely or probably result from his conduct, and that with reckless indifference to consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injurious result.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by appellee, Gus Rice, against appellant, the Montgomery Street Railway. From a judgment for plaintiff, defendant appeals.

This action was tried on the third count of the complaint, charging the defendant with wilfully or wantonly injuring a mule, the property of plaintiff, to which count the defendant interposed the plea of not guilty. There was a verdict for the plaintiff. The evidence showed that defendant was engaged in the business of operating an electric street railway in the city of Montgomery; that one of defendant's lines ran along Chandler street, and that the track was straight for several hundred yards on either side of the intersection of Chandler and Proctor streets; that plaintiff's mule, hitched with another mule, was being driven in a walk along Proctor street, and was struck at the intersection of Chandler street and Proctor street by one of defendant's cars, and badly injured. The evidence for the plaintiff showed that the wagon to which the mule was hitched was loaded with sand; that no view of Chandler street could be had until the car track was reached on account of intervening buildings; that the mule was struck as it got upon the track, and

[Montgomery Street Ry. Co. v. Rice.]

simultaneously with the driver's first sight of the car. The plaintiff introduced witnesses who testified that the car was going "very fast," "as fast as it could go," "about fifteen miles an hour." The defendants witnesses testified that the car was going six or seven miles an hour. There was conflict in the testimony as to whether or not the motorman rang the bell on approaching the crossing. The motorman testified to applying brakes as soon as he saw the peril. The defendant asked and the court refused the following written charges: 1. "The court charges the jury that if they believe the evidence in this case they will find a verdict for the defendant." 2. "The court charges the jury that if they believe the evidence in this case, they should not find a verdict under the third count of this complaint." 3. "The court charges the jury that there is no evidence in this case of any wilfull or wanton conduct on the part of the defendant, or its agents or servants or employes in charge of the car which collided with plaintiff's mule." 4. "The motorman had the right to assume, on approaching Proctor street, that travelers on foot or in vehicles would look and listen for approaching cars before attempting to cross the track, and this fact you may look to in determining whether or not the motorman was guilty of wilful or wanton wrong." 5. "The court charges the jury that if you believe from the evidence that the car was not being run faster than five or six miles an hour, and that after the motorman discovered the peril of the mule he put on the brakes, and tried to stop the car, but was unable to do so before the injury happened, then there can be no recovery in this case." 6. "If you believe from the evidence that the car was being run at the rate of five or six miles an hour, then this would not warrant a verdict against the defendant for wilful or wanton wrong." 7. "The court charges the jury that before a party can be said to be guilty of wilful or wanton conduct it must be shown that the person charged therewith was conscious of his conduct, and conscious from his knowledge of existing conditions that injury would likely or probably result from his conduct, and that with reckless indifference to consequences he consciously and intentionally did some wrongful act, or omitted

some known duty which produced the injury." The defendant severally excepted to the refusal by the court of the foregoing charges, and the action of the court in this respect is assigned as error.

STEINER, CRUM & WEIL, for appellant.

HILL, HILL & WHITING, for appellee.

ANDERSON, J.—The trial court charged out all of the counts of the complaint except No. 3, which charges a wilful or wanton act. Under the evidence, although there was a conflict as to the rate of speed the car was going and as to the motorman's knowledge of the surroundings, the trial court properly left it to the jury to determine whether or not defendant was guilty of a wanton or willful wrong.—*M. & C. R. R. v. Martin*, 117 Ala. 367, 23 South. 231; *L. & N. R. R. Co. v. Webb*, 97 Ala. 314.

Charge 4 was properly refused. It singles out a fact upon which it is hypothesized, and seeks to direct special attention to the evidence tending to show that phase of the defense, and give it undue prominence. We have heretofore observed more than once that charges of this character, assuming that the jury may look to this fact or may consider that fact, or are unauthorized to infer certain formulative conclusions from the evidence, and especially from specific parts of it, are bad.—*E. T. V. & G. R. v. Thompson*, 94 Ala. 636; *Sniver v. Burkes*, 84 Ala. 53; *Hawes v. State*, 88 Ala. 37; *Salm v. State*, 89 Ala. 56.

Charges 5 and 6 are bad, and were properly overruled. We cannot, as a matter of law, say that the defendant was not guilty, if the car was not going faster than five, six, or seven miles an hour at such a crossing, as is described by the evidence. It was a question for the jury. Besides, the charges do not attempt to fix the speed of the car at the time of the injury. The car may have been running at the rate of five, six, or seven miles an hour during the day, yet may have been running much faster when the injury was inflicted.

[Southern Ry. Co. v. Levy.]

The eighth charge has often received the condemnation of this court. It is argumentative, and also calls upon the trial court to declare to the jury that there is no evidence of a particular fact.—*Jefferson v. State*, 110 Ala. 89.

Charge 7 asserts the law, and for its refusal the judgment of the court must be reversed.—*L. & N. R. Co. v. Mitchell*, 134 Ala. 261; *M. & C. R. R. v. Martin, supra; L. & N. R. Co. v. Orr*, 121 Ala. 489.

Reversed and remanded.

McCLELLAN, C. J., and TYSON and SIMPSON, JJ., concur.