[Montgomery Light & Traction Co. v. Riverside Co.]

# Montgomery Light & Traction Co. *v*. Riverside Co.

## *Damages to Personal Property.*

### (Decided April 15, 1913. 62 South. 311.)

1. *Street Railways; Persons on Track; Wanton Injury.*—The evidence in this case stated and examined and held to require a submission to the jury of the question of wanton negligence.

2. *Same; Burden of Proof.*—The provisions of section 5476, Code 1907, have no application to street railways, and hence, in an action of this character the burden is upon plaintiff not only to show negligence (of which the running of the car at an excessive speed was evidence) but also to show that such negligence was the proximate cause of the injury complained of. When this is done, the burden passes to defendant of showing contributory negligence relied on to escape liability.

3. *Same; Excessive Speed; Negligence per se.*—It is negligence per se to run a street car at a rate of speed in excess of that fixed by a city ordinance.

4. *Same; Damages; Punitive.*—Where a motorman operating a street car, was conscious of the probable consequences of his carelessness in running at a high rate of speed, and was indifferent to the danger of injury to persons or property that might or were liable to be on the track or attempting to cross, the street railway is liable in punitive damage, for an injury occasioned thereby.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by the Riverside Company against the Montgomery Light & Traction Company for damages done to wagon and mules. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A portion of the oral charge made the basis of the first assignment of error is as follows: "Now, if you should find from a fair consideration of all this evidence that this car was going at a greater rate of speed than ten miles an hour, then it will reasonably follow that the defendant was violating the law upon that subject; and, if the plaintiff's property was injured while

the defendant was violating the law, then the burden is upon the defendant to show that it was not negligent."

The second assignment is as follows: "Now, I think you understand that. For instance, if the plaintiff shows that defendant was violating the law, and he shows you that in that violation of the law the plaintiff's property was injured, then the burden is upon the defendant to show you that it was not caused from that fact."

RUSHTON, WILLIAMS & CRENSHAW, for appellant. The court erred in its oral charge to the jury.—*McConnell v. Adair*, 147 Ala. 599; *Watts v. Traction Co.*, 57 South. 471; *L. & N. v. Banks*, 132 Ala. 471; *Creola L. Co. v. Mills*, 149 Ala. 484. The court erred in refusing to give the general affirmative charge as to the 3rd count, and its refusal to charge that punitive damages were not recoverable.—*Merrill v. Sheffield Co.*, 169 Ala. 245; *Birmingham Ry. Co. v. Bowers*, 110 Ala. 328.

HILL, HILL, WHITING & STERN, for appellee. There was no error in the oral charge of the court.—*B. R. L. & P. Co. v. King*, 149 Ala. 504; *Edwards v. Massingill*, 3 Ala. App. 406. The facts were sufficient to carry to the jury the question of wantonness.—*Montgomery St. Ry. Co. v. Rice*, 144 Ala. 610. Counsel discuss other matters assigned, but without further citation of authority.

THOMAS, J.—The plaintiff in the court below, appellee here, brought suit and obtained judgment against the appellant, a street car company, for the alleged negligence of the latter's servants or agents in the operation of a street car, whereby it was claimed that the defendant's car was run against a milk wagon and the

two mules drawing it, the property of plaintiff, in charge of one of its drivers at the time. The accident occurred at about 6 o'clock in the morning during the winter season and at a street crossing—the intersection at right angles of Church and Catoma streets, the one running east and west and the other north and south. The car was going west along the defendant company's track on the former street, and the milk wagon was being drawn by said mules south along the latter street, when, after starting across and while on defendant company's track, it was struck by the approaching car, whence resulted the injury and damage to the mules and wagon complained of.

It was early in the morning, as said, and the day was cloudy, damp, and foggy. The wagon was an inclosed one, with glass in front and glass doors on either side of the driver's seat, upon which there was at the time some mist or rain, sufficient, we judge, to dim and shorten, but not to prevent, the view. There were but two persons on the wagon, the driver, sitting on the right or west side going south, and his assistant, who sat on the left or east side, the direction from which the car came. The glass door on the driver's side was open. He testifies that he was driving slow and before going on the track he looked around west, but neither saw nor heard a car until the mules got on the track, when he then for the first time saw the car coming up the hill about half a block away east at the rate of about 25 miles an hour; that, seeing he would not be able to clear the track before the car reached him, he stopped the mules and was endeavoring to and in the act of backing them off the track, when the car struck them violently, carrying one mule some 30 feet; that no bell or gong was rung; and that the speed of the car was not slackened until after the mules were struck. The driver

was corroborated by other witnesses as to the speed of the car and in other material particulars.

The plaintiff, in further proof of one of its counts, introduced in evidence, without objection, an ordinance of the city of Montgomery prohibiting under penalty the running of a street car along the streets of the city at a greater rate of speed than four miles an hour on curves, or turnouts and ten miles an hour on straight tracks. It appears that at the place of the accident the track was straight.

The evidence for the defendant tended to show that there was a headlight burning on the car, and that the car was making its first trip out for that morning; that there were no passengers aboard; and that it was in charge of a motorman, who was operating it, and a conductor, who, at the time of the accident, was standing on the rear platform. They testify that the car was running at about 6 or 6½ miles an hour. The motorman testified that there was rainwater on the glass in front of him on the car, and that the weather conditions were otherwise such that he could not see farther than about 30 steps ahead; that he was going uphill on a wet track, and that the shortest distance within which the car could be stopped was about 40 feet; that near the place of the accident he could not see farther than about 15 feet ahead on account of an arc light between him and the wagon; that when he approached the light the car was still going about six miles an hour, but the current was turned off in order to roll into a switch which was about 20 feet beyond where the accident occurred; that he did not see the wagon and mules until he was within 15 feet of them, at which time they were crossing the track in front of the car, the mules' heads being just over the track; that he then did all he could to stop the car, and after striking the mules the car did

not run over ten feet. The conductor testified that the car ran some 40 or 50 feet after striking the mules.

The foregoing is a statement of a sufficient amount of the evidence for a review of the questions here presented, which arise solely on errors assigned to portions of the oral charge of the court and to the action of the court in refusing affirmative instructions requested by defendant to the effect that the jury could not, in fixing the damages, assess any punitive damages.

There was a count of the complaint predicated on the wanton or willful misconduct of defendant's servants or agents in the operation of the car; and the evidence for the plaintiff, which we have recited, is such that we are of opinion that the court committed no error in refusing the written instructions mentioned. We are unwilling to say, as a matter of law, that a person is not guilty of gross or wanton negligence when, in violation of a positive municipal ordinance forbidding a greater rate of speed by a street car at any place in the city than 10 miles an hour, he runs such a car at the rapid rate of 25 miles an hour along the public streets of the city, within only a few blocks of its business center, near and towards a public street crossing, upon approaching which he gives no warning either by ringing the gong or otherwise, and runs the car under such conditions that in its operation he could see only 30 steps ahead of him and could stop the car, even if running at the slower rate of 6 miles an hour, only within about 40 feet; it not appearing how much farther would be the distance necessary within which to stop it when running at 25 miles an hour. There was evidence, though in dispute, from which the jury could have found all these facts.

From this evidence, if the jury so found the facts, they may well have inferred (which would warrant

them in inflicting punitive damages) that the motorman was conscious of the probable consequences of his carelessness and was indifferent to the danger of injury to the person or property of others that might and were even likely to come on or attempt to cross the track.— *Wilkinson v. Searcy,* 76 Ala. 180; *Montgomery Street Ry. v. Rice,* 144 Ala. 610, 38 South. 857; *Gaynor v. L. & N. R. R. Co.,* 136 Ala. 256, 33 South. 808.

Section 5476, placing the burden on a railroad in all cases of acquitting itself of negligence when stock or other property is shown to have been injured on its tracks, does not apply in this particular to street railroads.—*Appel v. Selma St. Ry. Co.,* 59 South. 167. The burden was therefore on the plaintiff to show in this case not only negligence, of which the running of the car in excess of the speed limit fixed by the city ordinance was evidence (*Gothard v. A. G. S. R. R. Co.,* 67 Ala. 116), it being negligence per se (*Watts v. Traction Co.,* 175 Ala. 102, 57 South. 471), but also to show that such negligence was the proximate cause of the injury or damage complained of.—4 Mayf. Dig. 298; *Southworth v. Shea,* 131 Ala. 421, 30 South. 774; *Watts v. Traction Co.,* 175 Ala. 102, 57 South. 471; *L. & N. R. R. Co. v. Banks,* 132 Ala. 471, 31 South. 573; *Creola Lumber Co. v. Mills,* 149 Ala. 484, 42 South. 1019; *East Tenn. R. R. Co. v. King,* 81 Ala. 184, 2 South. 152. When this has been done, and the defendant seeks to escape liability on account of the contributory negligence of plaintiff, which has been pleaded, the burden is upon him to show it.—4 Mayf. Dig. 298; *East Tenn. Ry. Co. v. King,* 81 Ala. 185, 2 South. 152; *Highland Ave. & Belt Ry. Co. v. Sampson,* 91 Ala. 561, 8 South. 778; *B. R. L. & P. Co. v. Brantley,* 141 Ala. 619, 37 South. 698.

The portions of the oral charge of the court excepted to, forming the basis of the first and second grounds of error here assigned, especially when interpreted in the light of the meaning given them by the court itself in response to the inquiry of defendant's counsel as to their meaning, were incorrect statements of the law as to the burden of proof in the case.—*McConnell v. Adair,* 147 Ala. 599, 41 South. 419.

For this error the judgment is reversed, and the cause remanded.

Reversed and remanded.