[Birmingham Railway, Light & Power Co. v. Hatton.]

# Birmingham Railway, Light & Power Co. v. Hatton.

## *Injury to Passenger.*

·(Decided June 4, 1914.   65 South. 934.)

1. *Pleading; Special Demurrer; Sufficiency.*—Where a count stated a good cause of action, its failure to meet the exact demands of good pleading by averring a duty on defendant to furnish plaintiff with a transfer, was not available to defendant where the demurrers thereto did not distinctly state wherein the count was defective.   (Section 5340, Code 1907.)

2. *Carriers; Contract to Carry; Evidence; Custom and Usage.*— Where, in the absence of ordinance or contract, plaintiff was not entitled to a transfer as a matter of right, proof that it had been the custom or usage of defendant to give transfers to passengers at a certain point, if reasonable and not opposed to positive law, showed a rule of action as to which plaintiff might govern herself.

3. *Same; Instruction.*—A charge asserting that if plaintiff had been sick and in a weakened condition for some months previous to the time when she rode with her husband in an automobile to a point on defendant's line, and there waited for and boarded a car and rode to an intersecting point, and that in her condition she could not stand the trip without suffering a relapse, defendant was not responsible, was misleading; and a charge that defendant was not liable for the fact that neither plaintiff nor her husband had any money after their fares were paid, was also misleading as it might have been construed as a charge that defendant was not liable for a walk plaintiff might have avoided if she had had funds to meet the emergency forced on her.

4. *Same; Contract to Carry; Breach.*—In an action for damages for failure to carry plaintiff to her destination by issuing a transfer to an intersecting line, it was permissible to show that if plaintiff had remained on the car she might have finally reached a point still more remote from her destination, with probability of greater injury in retracing her way, or prosecuting her journey.

5. *Same; Duty to Minimize Damage.*—A passenger owes a carrier no duty to be prepared for an emergency forced upon the passenger by the carrier's refusal wrongfully to transport him to his destination; nor is the carrier relieved of its responsibility for the full measure of the passenger's suffering because of his want of funds to meet a wrong he need not have anticipated.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Mrs. Mary Hatton against the Birmingham Railway, Light & Power Company, for damages for

failure to transport her to her destination. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint alleges the relation of passenger and carrier with the operation of two cars, one operated on what is known as the Gate City line, and the other known as East Lake line, which lines intersected six blocks short of plaintiff's said destination:

That at such time it was defendant's course of business to issue passengers, when requested by the passengers to do so, and paying full fare to the passenger's destination on said East Lake line beyond said intersection, a check or ticket as evidence of passenger's right to continue said journey on the car operated on said East Lake line from said intersection to passenger's destination beyond said intersection. That passenger boarded defendant's car on the Gate City line at Twentieth street in said city of Birmingham, to be carried on said Gate City line to the intersection, and thence on said East Lake line, and plaintiff paid to defendant the full fare charged by it for being carried on both her said cars to her destination, and for said check or slip, and it became and was the duty of defendant's conductor on said car on Gate City line to issue to plaintiff said check or slip, but the said conductor who was then and there in charge and control of said car and acting within the line and scope of his employment as such did not do so, and as a proximate consequence thereof plaintiff walked from said intersection a long distance, to wit, six blocks. (Here follows catalogue of injuries and damages.) And plaintiff avers that said conductor negligently failed to issue to plaintiff said check or slip on the occasion aforesaid, and as a proximate consequence of said negligence plaintiff suffered the injuries complained of.

The demurrers were the usual demurrers as to said count being vague, uncertain, and indefinite; did not

[Birmingham Railway, Light & Power Co. v. Hatton.]

show with certainty what duty defendant owed plaintiff, or how it violated any duty owed to plaintiff; the averments do not constitute negligence as a matter of law, and do not constitute actionable negligence, and the following additional demurrers: It does not show that defendant contracted to carry plaintiff as its passenger on said car to plaintiff's destination; does not show that defendant contracted or was under a duty to issue a transfer to plaintiff from the Gate City car line to the East Lake car line.

The following charges were refused to defendant:

Assignment 5. Defendant cannot be held responsible in any wise for the fact, if it be a fact, that neither plaintiff nor her husband had any money after their fares were paid. 6. If you find from the evidence that plaintiff had been for some months in a sick and weakened condition prior to August 6, 1911, that on that date she took a trip with her husband in an automobile from her house to Fourth avenue and Twentieth street, and there stood awaiting the car which she boarded and rode to Fifty-Seventh street, and if in her weakened condition she was unable to stand such a trip without suffering a relapse, and did suffer such relapse under such circumstances, defendant would not be responsible therefor, and your verdict must be for the defendant.

TILLMAN, BRADLEY & MORROW and P. A. McFARLAND, for appellant. The court erred in not sustaining demurrers to the first count of the complaint.—Thompson on Negligence, § 7452; *B'ham P. & M. Co. v. Grover,* 159 Ala. 276; 4 Enc. P. & P. 742; 169 Fed. 67; 135 Fed. 650. The count is bad for the reason that it does not raise a duty by averment to furnish plaintiff with a transfer to a separate line. Counsel discuss the charges refused, but without citation of authority.

[Birmingham Railway, Light & Power Co. v. Hatton.]

HARSH, BEDDOW & FITTS, for appellee. The count was in all respect good.—*B. R. L. & P. v. Goldstein*, 61 South. 281; *Same v. Wilcox*, 61 South. 908; *Same v. Jordan*, 170 Ala. 530; *Smith v. Donalson*, 55 South. 611. There is no error in the oral charge of the court, and the written charges given for defendant covered completely every feature of the defense.—*Robertson v. State*, 62 South. 838; *L. & N. v. Holman*, 173 Ala. 767; *B. R. L. & P. Co. v. Coleman*, 61 South. 890. There was no room for the affirmative charge.—*Robinson v. Crotwell*, 175 Ala. 195.

SAYRE, J.—If the first count of the complaint was equivocal and failed, therefore, to meet the exact demands of good pleading in its averment of duty on defendant's part to furnish plaintiff with a transfer, as appellant contends, the respect wherein it was defective was not distinctly stated as the statute requires that grounds of special demurrer should be, and the defect, since there is no doubt that the count does state a cause of action, can avail defendant nothing on this appeal.— Code, § 5340. It would have been a task of the simplest and most obvious character to demur to the count on the ground that it failed to allege that plaintiff requested a transfer. A demurrer taking that specific ground would have apprised plaintiff and the court of the objection defendant seems to have had in mind and would probably have been sustained.

Plaintiff's case is that she expected to receive a transfer at Fifty-Seventh street, where two of defendant's lines crossed, and that, in consequence of defendant's refusal and her lack of funds to pay another fare on the line to which she desired a transfer, she was compelled to walk a distance of about a half mile to reach her destination; that she was then convelescent but

weak from recent childbirth, and the effort brought on a serious relapse. Plaintiff had boarded the car in the business section of the city, and the defense was based upon a rule of defendant, which was alleged to be in force at the time, to the effect that passengers from that section were not to have transfers at Fifty-Seventh street. In the absence of ordinance or contract providing otherwise, plaintiff was not entitled as of right to a transfer at that point. But she brought testimony which went to show that it had been the particular custom or usage of defendant to give transfers to such passengers at that point, and the effect of the court's oral charge was to submit to the jury as a question of fact whether there had been any such custom or usage. If so, defendant's rule to the contrary not having the force and effect of law, plaintiff might have dealt with defendant and ordered her own conduct with reference thereto, as she had a right to do on her version of the facts. Custom and usage, when reasonable and not opposed to law of more definite sanction, make a law of themselves with reference to which passengers may be expected and assumed to conduct themselves. This, in substance, is what the court told the jury as appears from the oral charge as a whole, and occasional lapses from verbal accuracy in the oral exposition of the idea, if indeed there were such, will not avail for a reversal in such case.

Charges in writing made the subject of assignments of error numbered 5 and 6 were refused to defendant without error. They were both misleading, and the last mentioned was a mere argument based upon a partial statement of the facts which, in truth, ignored the gist of plaintiff's case. In respect to the first mentioned, we may add that defendant was, of course, not responsible for the existence of the fact that plaintiff had not with

her the money with which to pay her fare after she had been refused a transfer with which to continue her journey on defendant's intersecting line as she had intended to do. But plaintiff owed defendant no duty to be prepared for an emergency forced upon her by defendant's wrong, nor can defendant be relieved of responsibility for the full measure of her suffering by reason of the fact that her unpreparedness for a wrong she need not have anticipated, or because, in the exercise of reasonable prudence under all the circumstances, she refused to remain rooted in the spot where defendant's wrong had planted her. Her lack of money was thus an important factor in the production of the injury suffered, and for it, as for all the proximate results of the wrong done, defendant was responsible if, as the jury found, it committed a wrong in refusing the transfer. Thus in a very just, though limited, sense defendant may have been responsible for results to which plaintiff's lack of money contributed without wrong or negligence on her part, and so it was that an instruction in the terms of the charge requested might have been construed by the jury as tantamount to an instruction that defendant was not liable for the consequences of a walk she might have avoided if she had been prepared for the emergency forced upon her. The court with like logic and propriety might have been requested to charge that defendant was not responsible for plaintiff's physical condition, or for her undertaking the journey at all, as, in a way, evidently, it was not, though to have given these bald facts or conclusions in charge as requested might have misled to the jury to a misapprehension of the issues upon which the case properly turned.—*Louisville & Nashville R. R. Co. v. Dancy,* 97 Ala. 340, 11 South. 796.

There was no error in permitting plaintiff to show where the car would have taken her had she not alighted

at Fifty-Seventh street upon the refusal of a transfer. The evidence proved that had she remained on the car she might have alighted ultimately at a point still more remote from her destination with greater inconvenience to herself, with the probability of greater injury in retracing her way or prosecuting her journey, and so the probability of magnifying her measure of damages. Defendant has no just ground of complaint against the trial court's ruling on this point.

It hardly seems necessary to add that defendant was not entitled to the general charge.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFEN-RIED, JJ., concur.