# Mobile Light & Railroad Co. *v.* Portiss.

### Killing Animal.

(Decided November 11, 1915.   70 South. 136.)

1. **Street Railways; Killing Animal; Complaint.**—A count alleging that the track was straight and the view unobstructed, and that defendant, its servants and agents, could have seen the peril of the cow by the exercise of due care and diligence, but wantonly ran the car upon the cow and killed it, to plaintiff's damages, was not subject to demurrer that such count did not show any duty on the part of defendant to plaintiff not to be negligent, since the count was a general averment of fact causing the injury, and that the injury was the proximate result of defendant's negligence.

2. **Pleading; Demurrer; Object.**—The office of a demurrer is to specifically point out the defects in pleading to which it is directed in order that the opposite party may have an opportunity to cure the defect by amendment.

3. **Same; Sufficiency.**—Under § 5340, Code 1907, a demurrer may not be general.

4. **Same; Amendment; Conforming to Proof.**—Where the complaint alleged the killing of a cow after its discovery on the track and plaintiff asked leave to amend by substituting for the quoted words the words, "after discovering it trying to cross the track," after plaintiff had rested, the allowance of such amendment was proper, as it introduced no new cause of action, no new element of proof, and was not a departure under § 5367, et seq., Code 1907; the defendant being entitled to a continuance upon request if it thought such an amendment prejudicial.

5. **Trial; Demurrer to Evidence.**—Under the provisions of § 5343, Code 1907, a party invoking the aid of the court by a demurrer to the evidence to pass upon the sufficiency of his adversary's evidence, withdraws his case from the consideration of the jury and substitutes the court as a judge of the fact.

6. **Same; Motion to Exclude Evidence.**—While, if there is no evidence to support plaintiff's case it would not be error for the court to exclude plaintiff's evidence, yet the trial court cannot be compelled to pass upon the sufficiency of the evidence in this way, and its refusal to do so is not subject to review.

[Mobile Light & Railroad Co. v. Portiss.]

7. **Street Railways; Injury to Animal; Duty.**—It is the duty of a street car motorman to keep a diligent outlook for persons or animals using the street, including the space occupied by the track, to run the car at reasonable speed, to sound the gong, and to decrease the speed and stop the car if necessary to avoid a collision.

8. **Same; Jury Question.**—Where the action was for the death of a cow struck by a street car, whether the collision would have been avoided but for the negligent failure of the motorman to keep a diligent lookout for her, or proceed along the street at a reasonable speed, dependent upon circumstances, or whether, after discovering the dangerous proximity of the cow to the track, he sounded the alarm, or did all he reasonably could to stop the car and prevent the collision, were questions of fact for the jury.

9. **Appeal and Error; Cured by Verdict.**—Where the verdict was less than the undisputed value of the cow, defendant was not prejudiced by the rulings of the court on the count alleging wanton or willful injury, as it is evident that the jury did not find for plaintiff under that count.

10. **Same; Harmless Error; Evidence.**—The admission in evidence of the statement by the motorman after the car had backed up to the point where the accident occurred, "I got her alright," if error, was harmless, as it related to the undisputed fact that the cow was killed.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by George Portiss against the Mobile Light & Railroad Company, for damages for killing a cow. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Act of April 18, 1911, § 6, p. 449. Affirmed.

The pleadings sufficiently appear from the opinion. The evidence for plaintiff tended to show that on the night of December 9, 1912, while a car belonging to defendant was coming north on Washington avenue at a rapid rate of speed, it ran into plaintiff's cow, which was coming across the avenue, knocking her off the track, injuring her so that she died. The evidence for plaintiff further tended to show that the car did not slack up before it hit the cow, and that it was coming so fast that it could not stop before it hit her. The value of the cow was variously estimated at from $50 to $60. The motorman testified that he was running north on Washington avenue, going pretty fast; that there were a lot of oak trees there which made it very dark, and the cow ran across in front of the car, and that as soon as he saw her, he shut off the forward current and put it into reverse a couple of points when the overhead switch flew off, and about that time the car hit the cow; that after the overhead switch flew off he applied the brakes, and ran about 30 feet before he could stop; that when the overhead switch is off there

is no current, and putting the car into reverse has no effect upon the motion of the car. It is further shown that the car had a headlight, and that it was in good working order. The following charges were requested by defendant and refused by the court: Charges 1, 2, 4, and 6 were the general charge as to the whole case, and the general charges as to the counts. Plaintiff offered to show, and was permitted to show, that the motorman said after the car was backed up to where the accident occurred, "I got her all right."

GREGORY L. & H. T. SMITH, and H. M. CAFFEY, JR., for appellant. CHARLES W. TOMPKINS, and J. H. KIRKPATRICK, for appellee.

THOMAS, J.—The suit is for damages for the killing of appellee's cow by a street car, operated by the appellant, on Washington avenue, in Mobile, Ala. The complaint consisted of four counts. The second count, as amended, charged negligence to appellant's servants in the killing of the cow "after discovering it trying to cross said track;" the first and fourth counts charged wantonness. Appellant's demurrer to count 3 was sustained, and that to the fourth count was overruled. There were no demurrers to the first count.

(1) 1. Count 4 was as follows: "Plaintiff claims of the defendant, the Mobile Light & Railroad Company, a corporation doing business in the city of Mobile and county of Mobile, state of Alabama, the sum of $150, damages upon the following facts. The defendant was operating a street railroad in the city of Mobile, Ala., on or about December 9, 1913; that on that date the track of said defendant for more than 100 yards, before reaching the point where said cow was killed was straight and the view unobstructed, and the defendant, its servants or agents operating said car, could have seen the peril of said cow by the exercise of care and diligence, yet, notwithstanding this fact, the defendant, its agents or servants, wantonly ran the car upon said cow and killed it, on Washington avenue on the track of the Mobile Light & Railroad Company, to the damage of plaintiff in the sum of $150."

Appellant's demurrer thereto was: "Because it does not show any duty on the part of the defendant towards the plaintiff not to be guilty of negligence in the operation of its said car."

[Mobile Light & Railroad Co. v. Portiss.]

(2, 3) The office of the demurrer is to specifically point out the defects in pleadings to which it is directed, that the opposite party may have the opportunity of curing the defect by amendment, and it may not be general.—Code 1907, § 5340; *L. & N. R. R. Co. v. Johnson,* 162 Ala. 665, 50 South. 300; *St. Louis v. Phillips,* 165 Ala. 504, 51 South. 638; *Railway, Light & Power Co. v. O'Brien,* 185 Ala. 617, 64 South. 343; *Railway, Light & Power Co. v. Hatton,* 187 Ala. 573, 65 South. 934.

In *Birmingham Railway, Light & Power Co. v. Barrett,* 179 Ala. 274, 60 South. 762, Mr. Justice SOMERVILLE says: "Where the complaint merely states the fact and res gestæ of the injury, not imputing the defendant's negligence to them, and without specifying the negligent acts or omissions relied on, a general averment. * * * is sufficient."—*Bryant v. A. G. S. R. R. Co.,* 155 Ala. 368, 46 South. 484; *B. R., L. & P. Co. v. Gonzales,* 183 Ala. 273, 61 South. 80.

The count was a general averment of the facts that caused the injury, and that the injury was the proximate result of defendant's negligence. The trial court committed no error in overruling defendant's demurrer to the fourth count of the complaint.

(4) 2. After the plaintiff had rested his case, he asked leave of the court to amend the second count of the complaint by changing the words, "after its discovery on the track," to the words, "discovering it trying to cross the track." This amendment, allowed over the objection of the defendant, was clearly within the lis pendens, and was obviously made to meet a slight variance in the evidence.—Code 1907, § 5367 et seq.; *Nash, Adm'r, v. Southern Railway Co.,* 136 Ala. 177, 33 South. 932, 96 Am. St. Rep. 19; *Beavers, Adm'r, v. Hardie & Co.,* 59 Ala. 570; *Floyd v. Wilson,* 163 Ala. 283, 50 South. 122; 7 Mayf. Dig. p. 704. If the defendant thought it was prejudiced by such amendment, it should have asked the court for a continuance to meet this unexpected contingency. The amendment was not a departure. It introduced no new element of proof that might not have been expected and met by the defendant. There was no error in allowing the amendment.

(5, 6) 3. The defendant then moved the court "to rule out the plaintiff's evidence on the ground that the plaintiff had not made out a prima facie case," and on this appeal presents for

review the overruling of its motion. The ground for the motion, urged in the lower court, was that the "first, the second as amended, and the fourth counts, charged wanton injury of the plaintiff's cow, and that there was no evidence of wantonness to support these counts."

The motion was no doubt intended to raise the question of the right to test the sufficiency of the evidence by a motion to exclude all the evidence, rather than by a demurrer to the evidence. The motion to exclude is not embarrassed with admissions; while the demurrer to evidence admits the truth of the evidence, and of every inference and conclusion which a jury could legally deduce therefrom, and submits to the court the determination of the issue of fact between the parties as well as the law.—Code 1907, § 5343; 6 Mayf. Dig. 373, § 102; *Martin v. State,* 62 Ala. 240; *Gluck v. Cox,* 90 Ala. 331, 8 South. 161; *Cent. R. & B. Co. v. Roquemore,* 96 Ala. 236, 11 South. 475; *Curtis v. Daughdrill,* 71 Ala. 590; *Armstrong v. Armstrong,* 29 Ala. 541; *Foster v. McDonald,* 5 Ala. 376; *McGehee v. Greer,* 7 Port. 537.

In *Young v. Foster,* 7 Port. 423, for the first time in this state the demurrer to the evidence was considered, and Mr. Justice Ormond declared that the court will not compel joinder unless the demurrant will admit on the record the truth of all the facts offered in evidence, and also every conclusion which the facts fairly conduce to prove.

In *Gayle v. Cahawba & Marion Railroad Co.,* 8 Ala. 587, the court said: "When evidence is objected to in the mass, as in this case, the objection will not be permitted to be taken in this court, so as to subject particular portions of it to a severe and searching criticism. * * * The objection, when made in this general form, to all the testimony, is calculated to mislead, and ought as far as possible to be discouraged, unless it be in fact a demurrer to the evidence, by analogy to which alone indeed can this motion be sustained."

In *Boyd v. Gilchrist,* 15 Ala. 849, Chief Justice Collier treats the motion made to the sufficiency of the evidence as a demurrer, and adds that: "All presumptions which a jury might legitimately draw against a party should be made against one who demurs to the evidence, and thus withdraws his case from them."

In *Bryan v. State,* 26 Ala. 65, Mr. Justice Goldthwaite says, on this question: "If the defendant believes that the facts which

[Mobile Light & Railroad Co. v. Portiss.]

the evidence conduces to prove would not be sufficient to maintain the action in a civil case, or make out the offense in a criminal prosecution, he may call upon the court to declare the law upon the facts, and this he does by a demurrer to the evidence."

Again, in *Curtis v. Daughdrall*, 71 Ala. 590, Chief Justice Brickell affirms: "The well-defined rule of the common law that if parties voluntarily substitute the court for the jury, the court must render judgment against the party inviting it into the relation and province of the jury," etc.

We have adverted to the early judicial history of the demurrer to the evidence that later took shape in our statute to show that the party invoking the aid of the court to pass upon the sufficiency of his adversary's evidence withdraws his cause from the consideration of the jury, and substitutes the court as the judge of the facts under the law. That a trial court, on motion, may exclude all of the plaintiff's evidence when he has failed to establish a prima facie case has been affirmed by this court (*M., J. & K. C. R. R. Co. v. Bromberg, Adm'r*, 141 Ala. 258, 283, 37 South. 395) ; yet it has never been held that the trial court, on motion, can thus be compelled to pass upon the sufficiency of the evidence, or that its refusal is subject to review by this court. To so hold would substitute the motion to exclude all the evidence, for the demurrer to the evidence.

In *Bromberg's Case, supra,* it is declared: "Where the evidence of the plaintiff fails to make a prima facie case, the motion to exclude would be proper, and this upon the idea of its immateriality."

In *Scales v. C. I. & C. Co.*, 173 Ala. 639, 55 South. 821, there was a divided court, and Mr. Justice Simpson said: "In regard to the exclusion of the evidence on the part of the plaintiff, whether we follow the cases which hold that this is a proper proceeding, when the plaintiff has failed to make out a prima facie case, or adopt the suggestion in one of our cases that if it be a case in which the general charge could be properly given, it is error without injury, it matters not; the result being the same."

Mr. Justice MAYFIELD, in his opinion, clearly shows that the result is not the same, but that the plaintiff is deprived of his right to have the court pass upon the sufficiency of all the evidence, and is often driven to an involuntary nonsuit and the

[Mobile Light & Railroad Co. v. Portiss.]

bringing of another action, or to seek a review of this ruling by conforming to the requirements of the statute.—*Kemp v. Coxe,* 14 Ala. 614; *Lay v. P. T. C. Co.,* 171 Ala. 172, 54 South. 529; *Long v. Holley,* 157 Ala. 514, 47 South. 655; *Rogers v. Jones,* 51 Ala. 353. The defendant, by the motion, is given the advantage to know the mind of the court without exposing his evidence, and without "subjecting him [self] to any of the penalties which he would incur by pursuing the remedy given by statute."

In *McCrary v. Sharpe,* 188 Ala. 375, 66 South. 441, Mr. Justice McCLELLAN said: "There being evidence introduced, admitted, in support of material averments of all the counts of the amended complaint, and after plaintiff had concluded the presentation of her evidence, the trial court sustained a defendant's motion to exclude all of the evidence so admitted. Thereupon, in response to evident necessity, the plaintiff took a nonsuit with a bill of exceptions. Patently this was error. The question of the sufficiency of the evidence, fully concluded by the plaintiff, to sustain the burden of proof assumed by the plaintiff in his complaint can only be properly presented by the defendant in one of two ways viz.: (a) Demurrer to the evidence; or (b) the request of the affirmative charge."

The exclusion on motion of the plaintiff's testimony is condemned, whether considered in the light of the reason for the demurrer to the evidence, or of the manifest injustice to drive a plaintiff to an involuntary nonsuit. Under our system of jurisprudence an involuntary nonsuit is not permitted.—*Smith v. Seaton,* Minor, 75; *Phillips v. Jordan,* 3 Stew. 38; *Leavitt v. Dawson,* 4 Ala. 335; *Hunt v. Stewart,* 7 Ala. 525; *Saunders v. Coffin,* 16 Ala. 421; *Smith v. Wooding,* 20 Ala. 324; *Tate v. Mc-Crary,* 21 Ala. 499. We do not wish to be understood as holding that the action of a trial court in excluding the evidence on motion would be reversible error, if there was no evidence to support the plaintiff's case.

(7) 4. While running the car along the public streets of Mobile, defendant's servant in charge was under the duty to keep a diligent outlook for persons or animals using the street, including the space occupied by the street railroad track, to run its car at a reasonable speed, to sound the gong, to decrease the speed, and to stop the car if necessary to avoid a collision. It was therefore a question for the jury whether the collision would

have been averted but for the negligent failure of defendant's servant in charge to keep such diligent outlook, or to proceed along the public street at a reasonable speed dependent on the circumstances of the place and the time, or whether, after discovering the dangerous proximity of the plaintiff's animal to the car track, defendant's agent sounded the alarm, or did all he reasonably could to stop the car, and so to prevent the collision.—*B. R., L. & P. Co. v. Hinton et al.,* 141 Ala. 606, 37 South. 635; *Mobile Light & R. R. Co. v. Baker,* 158 Ala. 491, 48 South. 119; *A. G. S. R. R. Co. v. McFarlin,* 174 Ala. 637, 56 South. 989.

(8) It is clear from the testimony that the car was proceeding at a high rate of speed along the public street, plaintiff's witnesses stating it to have been at a high rate, and one of defendant's witnesses stating that the car "was running fast," while the defendant's motorman in charge of the car admitted that he "was going along pretty fast." The testimony contains other contradictory statements of material evidence, touching the distance in which the car could have been stopped, or was stopped after the accident, whether the motorman applied the brakes, or whether he sounded the gong, and, if so, when; whether the cow was walking or running when it approached the car track; whether it came suddenly on the track, or was proceeding diagonally across the street; what the condition of the night was as to light or darkness; what electric lighting there was at or near the point on the street where the collision occurred. It may be that the jury were warranted in the conclusion from the high rate of speed at which the car was being run along the public street in a city on a dark night, where the motorman knew the existing conditions, that his conduct amounted to a careless indifference, on his part, to the danger, to the probability that injury would result to the person or the property of those who might attempt, and were likely to attempt, to come upon or to cross defendant's track.—*Montgomery St. Ry. Co. v. Rice,* 144 Ala. 610, 38 South. 857; *M. & C. R. R. Co. v. Martin,* 117 Ala. 367, 382, 23 South. 231; *L. & N. R. R. Co. v. Webb,* 97 Ala. 314, 12 South. 374; *Weatherly v. N. C. & St. L. Ry.,* 166 Ala. 575, 51 South. 959; *B. R., L. & P. Co. v. Drennen,* 175 Ala. 346, 57 South. 876, Ann. Cas. 1914C, 1037; *B. R. L. & P. Co. v. Cockrum,* 179 Ala. 381, 60 South. 304; *M. L. & T. Co. v. Riverside Co.,* 8 Ala. App. 509, 62 South. 311.

[Southern Railway Co. v. Fitzpatrick.]

(9) Whether, under the facts, the case was improperly submitted to the jury under the first and fourth counts of the complaint is not necessary to be decided, since it is evident that the jury did not find for the plaintiff under the wanton counts, for the reason that the verdict was for less than the undisputed value of the cow, shown by the evidence. There was no prejudice to the defendant in the ruling of the court as to these counts.

5. The question of defendant's failure vel non to use proper diligence to avert injury to plaintiff's animal, after discovering it trying to cross the track, was a question for the jury. Charges 1, 2, 4, and 6, precluding this inquiry, were properly refused.— 6 Mayf. Dig. 310; *Carlisle v. A. G. S. R. R. Co.*, 166 Ala. 591, 52 South. 341; *Johnson v. B. R., L. & P. Co.*, 149 Ala. 529, 43 South. 33; *B. R., L. & P. Co. v. Jung*, 161 Ala. 461, 49 South. 434, 18 Ann. Cas. 557; *M. & B. R. R. Co. v. Ladd*, 92 Ala. 287, 9 South. 169.

(10) 6. The declaration of the motorman, not being a part of the res gestæ, was probably erroneously admitted in evidence, but as it related to an undisputed fact—that he had killed the cow—we are of the opinion that it was not prejudicial, and that a reversal therefor should not be awarded.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.