# Birmingham R. L. & P. Co. v. Cohill.

### Injury to Passenger.

#### (Decided May 11, 1916.  72 South. 126.)

1. **Appeal and Error; Review; Matters Urged Below.**—An order overruling a general demurrer which did not distinctly point out defects in the complaint will not be reversed on appeal, although such defects are there urged.

2. **Carriers; Passengers; Transfer; Refusal to Issue.**—The instructions examined and held sufficient as to damages to which a passenger is entitled, for the refusal of a street railway company to issue a transfer.

3. **Damages; Show; Instructions.**—The word "show" is equivalent to the words "reasonably satisfied" in instructing the jury as to damages which the evidence tended to show.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Mamie Cohill against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

The complaint alleges in substance, that plaintiff was a passenger on defendant's electric car, seeking passage from Broyles to East Lake, in the city of Birmingham; that it was the custom and the duty of the defendant to issue transfers from one line to a connecting line; that she requested such transfer after paying her fare on the Broyles line, to enable her to ride on the East Lake line; that it was refused; wherefore she was compelled to walk a long distance and suffered damages.

The following is charge 3 given for plaintiff: "I charge you, gentlemen of the jury, that if plaintiff was made sick and caused to relapse as the direct proximate consequence of defendant or its agents, while acting within the scope of their authority, failing or refusing to give her a transfer, then she would be entitled

[Birmingham R. L. & P. Co. v. Cohill.]

to judgment against defendant for mental and physical suffering which the evidence may tend to show.

(1) If you are reasonably satisfied from all the evidence in this case that plaintiff was a passenger of defendant on, to-wit, the 16th day of August, 1913, and, while such passenger, defendant's agents or servants, while acting within the scope of their authority, wrongfully failed to give plaintiff at her request a transfer to said East Lake car line, and that it was the duty or customary for defendant to issue said transfers if so requested by passengers, then plaintiff would be entitled to recover a judgment against the defendant for any damages which the evidence may show that she suffered.

TILLMAN, BRADLEY & MORROW, and E. CRAMTON HARRIS, for appellant. PROSCH & PROSCH, for appellee.

SAYRE, J.—(1) The complaint was perhaps defective, in that it failed to allege categorically the duty of defendant to issue a transfer, or facts from which as matter of law that duty was to be inferred. Defendant's custom may have been evidence of plaintiff's right to a transfer, but did not of itself necessarily confer that right on plaintiff. However, the grounds of demurrer here insisted upon were merely general and failed to distinctly state the objection now urged. A reversal will not be predicated on the action of the trial court in overruling them.— *Bir. Ry. v. Hatton,* 187 Ala. 573, 65 South. 934.

(2) Charge 3, given on plaintiff's request, was not all it should have been. Damages, to be awarded, should be shown to the reasonable satisfaction of the jury. But the charge in this case hypothesized as a fact that the plaintiff was made sick and caused to relapse; these expressions, construed with reference to the evidence, meaning that defendant's wrong had caused a recurrence of a malady of her female organs from which plaintiff had previously suffered. Mental and physical suffering is the common result of such injuries. The charge does not attempt to lay down any rule for the admeasurement of damages for mental suffering. It predicates plaintiff's right to such damages on proof that she was made sick and caused to relapse. The last clause of the charge disclosed a tendency to fall away from the sufficient predicate that had been previously stated, but this only introduced an element that tended in some

[Emerson v. Central of Georgia Ry. Co.]

very slight degree to confuse or mislead. The result being considered, we think there should be no reversal on that account.

(3) There was no error in giving charge 1. The criticism of this charge draws too fine a bead for practical purposes. To "show" must be accepted as the equivalent of "reasonably satisfy;" and, if defendant apprehended the award of damages not proximately caused by the wrong alleged, an explanatory charge should have been requested. We are unable to see any just grounds for such apprehension. The damages claimed were either the proximate result of the wrong alleged, or they were not suffered at all as a consequence remote or proximate. Nor was the charge faulty in allowing the jury to find from defendant's custom to issue transfers that it was its duty to issue one to plaintiff on request.—*Hatton Case, supra.* The evidence as to that was without conflict, and authorized the court to assume that plaintiff was entitled to a transfer, if she asked for it.

The case was clearly one for the jury on both of the counts submitted to them. There was no error.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.