# Floyd *v.* Wilson.

## *Trespass for Cutting Trees.*

(Decided May 1, 1909.  Rehearing denied June 30, 1909.—50 South.
122.)

1. *Trespass; Complaint; Construction.*—Where a complaint alleges damages and for knowingly and willfully cutting and hauling off and for converting into stock certain timber thereon, and for cutting and hauling off certain other timber, and for cutting up and converting into stock, and hauling off certain trees which had been already cut, it is in trespass quare clausum fregit, and not for the statutory penalty of cutting trees.

2. *Same; Amendment.*—Under section 5367, amendments to a complaint by striking out or adding statements of causes of action which might have been included in the original complaint, intended merely to correct the description of the subject-matter so as to meet plaintiff's proof, are proper and should have been allowed.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Action by J. W. Floyd against J. W. Wilson. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The complaint was as follows: "Plaintiff claims of defendant $510 damages for a trespass by defendant on the following tract of land, viz.: Part of the S. W. ¼ of S. E. ¼, section 1, township 9, range 27, in said county, said land belonging to the plaintiff; and for knowingly and willfully cutting and hauling off, and converting into stock, timber thereon, to wit, seven pine trees, and for cutting and hauling off 42 saplings of oak and hickory varieties, and for cutting up and converting into stock and hauling off two pine trees, which had been already cut and felled to the ground; and plaintiff alleges that said damage to said land was done on, to wit, about the months of July and August, 1906." Plaintiff moved to amend the complaint by adding after the figure

"27" the following: "And part of the S. E. ¼ of S. W. ¼ of section 1, township 9, range 27, and upon which is situated what is known as Mineral Springs. Said 40 acres lies north of the N. E. ¼ of the N. W. ¼, section 12, township 9, range 27, being described as above." On objection by defendant, the amendment was not permitted to be filed.

A. M. McLENDON, and A. H. MERRILL & SON, for appellant.—The court erred in refusing to allow the amendment.—*Grimes v. Crawford*, 29 Ala. 623; *Steed v. McGuire*, 78 Ala. 407; *Mohr v. Lemle*, 69 Ala. 180; Sec. 5367, Code 1907.

PEACH & THOMAS, for appellee.—The complaint in this cause is not an action of debt for the recovery of the statutory penalty.—7 Port. 284; 76 Ala. 267; 99 Ala. 32; 120 Ala. 197. The count was in trespass and the amendment was not permissible.—Sec. 3331, Code 1896; *Leatherwood v. Suggs*, 96 Ala. 383; *Ins. Co. v. DeJarnette*, 111 Ala. 248; *Sample v. Glenn*, 91 Ala. 258; *Mobile L. I. Co. v. Randall*, 74 Ala. 170.

ANDERSON, J.—Upon the original consideration of this cause, no point having been made and argued as to the character of this action, we treated the counts as being for the statutory penalty for cutting trees; but after considering the counts more carefully we find that they are quare clausum fregit.—*Blackburn v. Baker*, 7 Port. 284; *Rogers v. Brooks*, 105 Ala. 549, 17 South. 97. We adhere, however, to our former conclusion that the trial court erred in not allowing the amendments offered, as they were intended merely for the purpose of correcting the description of the subject-matter, so as to meet the plaintiff's proof.—Section 5367 of the Code of 1907.

[Higdon, Sheriff, v. Garrett.]

The application for rehearing is overruled, the opinion is modified, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.