# City of Gadsden *v.* Strother.

### *Ejectment.*

(Decided April 13, 1911.  55 South. 189.)

1. *Ejectment; Possession of Streets; Recovery by Municipality.*— Municipal Corporations may maintain ejectment to recover possession of streets, avenues, alleys, etc., dedicated to the public use; the possessory right of the city in such cases being necessarily exclusive for such purposes as against the owner of the servient estate.

2. *Dedication; Plats and Sales.*—By platting land into lots and streets and selling the lots with reference to the streets and the plats, the owner dedicates the land designated as streets to the public use.

3. *Same; Revocation.*—Where the dedication of a street was completed by the filing of a map thereof, and a sale of lots with reference thereto, a condition could not be annexed to the dedication by a subsequent acceptance by the city of a proposal of the owners dedicating it with the condition that the city build and maintain a bridge.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action of ejectment by the city of Gadsden against Thamer J. Strother to recover possession of certain

streets, etc.   Judgment for defendant and plaintiff appeals.   Reversed and remanded.

M. C. SIVLEY, and HOOD & MURPHREE, for appellant. The municipality had a right to recover or at least maintain ejectment to recover one of its streets.—*T. & C. R. R. Co. v. E. A. R. R. Co.*, 75 Ala. 516; 125 Ala. 196; 10 A. & E. Enc. of Law, 475; 15 Cyc. 27. The street had become dedicated to a public use.—*Jackson v. Birmingham F. & M. Co.*, 154 Ala. 464; *Weiss v. Taylor*, 144 Ala. 447; *Reid v. Birmingham*, 92 Ala. 339; *E. B. R. Co. v. Bir. F. Co.*, 49 South. 449; *Webb v. Demopolis*, 95 Ala. 126; *Smith v. City of Opelika*, 51 South. 823. When the dedication is completed, the owner cannot annex a condition.—*Chambers v. Talladega R. & E. Co.*, 126 Ala. 297; 2 Devlin on Deeds, secs. 958 and 970; 13 Cyc. 692; *Miler v. Swann*, 89 Ala. 631. Defendant is estopped by the recitals of her deeds to deny dedication.—*Reid v. M. & A. of Bham*, 92 Ala. 339.

AMOS E. GOODHUE, for appellee.   The dedication was not complete, but was conditional on the happening of certain things which the testimony showed never happened.   Such a dedication may be made, and before there can be a complete dedication its terms must be strictly complied with.—13 Cyc. 459-460; 71 Ill. 68; 97 Mo. 644; 64 Cal. 498; 127 Mich. 454; 8 Metc. 238.

McCLELLAN, J.—Municipal corporations may employ ejectment to recover the possession of streets, public squares, etc., dedicated to public use.—*Tenn. & Coosa R. R. Co. v. East Ala. Ry. Co.*, 75 Ala. 516; 525, 51 Am. Rep. 475; Newell on Eject. p. 66, § 9; 2 Dillon's Munic. Corp. § 662, p. 788; *Purifoy v. Lamar*, 112 Ala. 123, 20 South. 975; *Jones v. N. O. & S. R. R. Co.*, 70 Ala. 227; *Hooper v. C. & W. R. R. Co.*, 78 Ala. 213. As

pointed out by Dillon, the exemption of such public
rights as flow from dedications to public uses from the
general rule that ejectment will not lie for an ease-
ment, or to be let into the enjoyment of a servitude, is
based upon the view that the public right is legal, rather
than equitable and, we may add, following the analogy
of the similar exemption established in respect of rail-
road rights of way, that the possessory right of the pub-
lic in streets, etc., dedicated to public uses, is, of neces-
sity, exclusive, even, for those purposes, against the
owner of the servient estate.—Dillon, Mun. Corp., su-
pra.

On February 7, 1888, Standifer, Kyle, and Lay made
a proposal to the city of Gadsden that they would do-
nate a street covering, among other, territory now in
contest, provided the city would build a bridge.   On
March 6, 1888, action on the said proposal was deferred.
On April 19, 1888, committee, to which the proposal was
referred, was given further time to make final report.
On July 13, 1888, Walter S. Standifer, being so author-
ized, the evidence shows, by his wife, who owned the
land of which that in suit was a part, filed, in the pro-
bate office of Etowah county, a map or platting of
"Standifer addition" to Gadsden.   Streets and lots ap-
pear thereon, and that part of Seventh street which is in
dispute appears to have been comprehended in this plat-
ting.   On May 22, 1889, Kyle, Lay, and Standifer, the
recited owners, executed a paper, wherein "the prop-
erty covered by Seventh street 'was dedicated' to the
city of Gadsden, conditional that the city build a bridge
across the A. & C. and T. & C. Railroads, and keep up
the same and accept dedication of street."   On that date
(May 22, 1889) the committee, reporting, recommended
to the municipal authorities that the street be "received
and adopted, on condition that the parties furnish all

the work required to erect a bridge and crossing over the railroad where Seventh street crosses the raiload, and that the city erect a bridge, and that the parties furnish lumber at once." A bridge was, at least, partially constructed under the arrangement; but on May 4, 1891, it "was ordered torn down and lumber to be used on streets, where needed." The order was executed. On March 30, 1889, on January 1, 1900, and on December 5, 1900, the Standifers sold lots and executed deeds to property within the "Standifer addition." The deed of March 30, 1889, makes express reference to the platting of the "Standifer addition" filed, as stated, in the probate office of Etowah county.

Where the owner plats land and lays off lots and streets and makes a sale of one or more lots with reference to such platting, he irrevocably dedicates the lands designated as streets, etc., to the public for public uses. —*Roberts v. Matthews,* 137 Ala. 523, 34 South. 624, 97 Am. St. Rep. 56; *East Birmingham Realty Co. v. Birmingham M. & F. Co.,* 160 Ala. 461, 49 South. 448, among others. Under this doctrine, the unconditional platting of the "Standifer addition' and the sale of a part of the land thereby covered, on March 30, 1889, effected an irrevocable dedication of the land in suit as a part of Seventh street.

It will be noted that both the filing of the platting or map of the "Standifer addition" and the sale of March 30, 1889, antedated the action of the city authorities in accepting the modified proposal of Kyle, Lay, and Standifer on May 22, 1889. Accordingly that action could not, if otherwise allowable, avail to affix a condition of any kind upon the theretofore, as indicated, complete dedication effected by the platting of the addition and a sale of a lot with reference thereto.

In consequence, the plaintiff was entitled to the affirmative charge requested by it.

Reversed and remanded.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.