# Clark *v.* The State.

### *Violating Prohibition Law.*

(Decided June 30, 1911.  Rehearing denied Nov. 23, 1911.
56 South. 813.)

1. *Costs; Removal Fees; Sentence for.*—Construing together sections 6584, 6638 and 7635, it is held that execution is not the exclusive method of collecting costs for removing a prisoner in a misdemeanor case, and that the defendant may be sentenced to hard labor to pay such fee.

2. *Same; Rate.*—One convicted of a misdemeanor should be sentenced for costs at the rate of 75 cents per day, as provided by section 3675, Code 1907.  But the sentence for a less amount would not work a reversal but the judgment will be corrected and affirmed as corrected.

APPEAL from Bibb Circuit Court.
Heard before Hon. B. M. MILLER.

[Clark v. The State.]

Schug Clark was convicted of violating the prohibition law, and from a sentence to hard labor, including costs of removal, he appeals. Corrected and affirmed.

D. W. CRAWFORD, for appellant. Counsel insists that section 13 of the present Act relative to the convict system is the same as section 54 of the Acts of 1892-3, and that it is unconstitutional.—*Brown v. The State,* 115 Ala. 74. It is further insisted that section 13 of special Acts 1907, p. 182, is ineffectual to change or repeal section 6584, and 7635, Code 1907.—*Brown v. The State, supra; White v. Burgin,* 113 Ala. 170; *Ex parte Gayle,* 108 Ala. 514. It is also insisted that the cost of conviction of county convicts shall be the same as in case of state convicts, and that the only method of collecting removal bill is by execution issued.

ROBERT C. BRICKELL, Attorney General, and WILLIAM L. MARTIN, Assistant Attorney General, for the State. Counsel insist that under sections 6584, 6638 and 7635, the cost of removal was properly taxed against the defendant, and that execution was not the only or exclusive method of collecting such removal bills. They also discuss the constitutionality of the section prescribing 40 cents per day as the price for the hire of convicts, and they further contend that if such section be unconstitutional, then the defendant should be sentenced at the rate prescribed by section 7635, Code 1907, and that the judgment should be corrected and affirmed.

WALKER, P. J.—The defendant was convicted of a misdemeanor, and was sentenced to pay a fine of $50, the amount assessed by the verdict of the jury; and, on his failing to pay the fine and costs, or to confess judgment for the same, was sentenced to perform hard labor

for the county as punishment for the offense, and also for an additional period of 156 days, at the rate of 40 cents per day, to pay the costs of the prosecution, which amounted to $62.24. Included in these costs was an item of $19.10, the amount of the sheriff's fees and expenses for the removal of the defendant from the county in which he was arrested to the county in which he was triable.

It is insisted that the court was in error in sentencing the defendant to hard labor for the payment of the sheriff's removal bill. The ground of the objection to that part of the sentence is that the statute (Code 1907, § 6638, last cause) which authorizes the taxation of that item of cost provides only for the issue of execution against the defendant therefor; and it is insisted that there is no authority of law for including that item in the amount which is made the basis of the court's determination of the period of hard labor required to work out the costs, when the defendant fails to pay them or to confess judgment therefor. In other words, the contention is that the effect of the provision above mentioned is to make execution against the defendant the exclusive method of enforcing the collection of the sheriff's removal fee and expenses. This contention cannot be sustained. Section 6638 of the Code, in which that provision is found, prescribes the fees and allowances to which the sheriff is entitled in criminal cases, and does not deal with the question of sentencing the defendant to hard labor to pay the costs of the prosecution. Sections 6584 and 7635 of the Code contain the applicable provisions of the law on that subject. By the express terms of the last-mentioned section, "if the costs are not presently paid or judgment confessed therefor, as provided by law, then the court may impose additional hard labor for the county for such period,

not to exceed ten months, as may be sufficient to pay the costs, at the rate," etc. In such a case as the present one, the amount due to the sheriff for the removal of the defendant is as much a part of "the costs" as any other item mentioned in section 6638 of the Code. If the provision for issuance of an execution, contained in the last clause of that section, could be construed as having the effect of making an execution against the defendant the exclusive method of enforcing the collection of that item of costs, it would follow that nothing but an execution could be resorted to for the collection of any of the costs of the prosecution in such a case, as the execution there provided for is not merely for the removal fees and expenses, but also "for the other costs." Plainly such a construction is not permissible, as the result would be to prevent obedience to the explicit requirements of sections 6584 and 7635 of the Code. Section 6572 of the Code has no bearing upon the question under consideration. That section relates to the items of costs to be paid out of the convict fund, when the defendant has been convicted of a felony, and sentenced to the penitentiary. It does not purport to deal with the question of the costs to be included in determining the period of a sentence to hard labor for the county for the payment of the costs in a misdemeanor case.

The court should have sentenced for costs at the rate of 75 cents a day, as provided by section 7336 of the Code, and not at the rate of 40 cents a day; the section of the statute undertaking to prescribe the lower rate having been pronounced unconstitutional.—*Dowling v. City of Troy,* 172 Ala., 56 South. 118. In this respect, the judgment will be here corrected.—*Johnson v. State,* 94 Ala. 35, 10 South. 667. As thus corrected, the judgment will be affirmed, without costs.

Corrected and affirmed.