[Baranco v. Birmingham Terminal Co.]

# Baranco *v.* Birmingham Terminal Co.

### Damages for Permanent Obstruction.

(Decided January 18, 1912.   57 South. 434.)

*Pleading; Amendment; New Cause of Action.*—Section 5329 and 5367, Code 1907, did not change the law existing theretofore that an amendment could be had where it did not change the form of the action, make an entire change of parties, or introduce an entirely new cause of action; hence, where the original complaint sought damages for placing a permanent obstruction across the street in front of a lot, describing it, and the amendment offered merely changed the description of the lot and charged the same injury, it should have been allowed, although it described a totally different lot.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Rafaella Baranco against the Birmingham Terminal Company, for damages for obstructing a street. From a non suit occasioned by the refusal of the court to permit an amendment, plaintiff appeals.

Reversed and remanded.

FRANK S. WHITE & SONS, for appellant. The statutes found in the Code of 1907 did not change the law existing previous to their enactment. The amendment offered was not a change of parties, and introduced no new cause of action. It counted on the same injury from the same causes, and the only change was in the description of the lot.

WEATHERLY & STOKELY, for appellee. No brief reached the Reporter.

SAYRE, J.—In this case plaintiff sued for damages alleged to have been caused by defendant's wrongful act in placing a permanent obstruction across the street

upon which his lot fronted. The averment is that the obstruction diminished the value of his property and caused a loss of profits in his business conducted thereon. Plaintiff offered to amend his complaint by changing the description of his lot. The amendment described a totally different lot, but one contiguous to that described in the original complaint. Upon the court's refusal to allow the amendment, plaintiff took a nonsuit, with a bill of exceptions.

The amendment should have been allowed. Previous to the Code of 1907 it was. always held by this court that the only limitation upon the right of a plaintiff in a civil action at law to amend his complaint was that the form of the action should not be changed. There could not be an entire change of parties; nor could there be the substitution or the introduction of an entirely new cause of action.—*Mahan v. Smitherman*, 71 Ala. 563. Now it is provided that actions ex delicto may be joined in the same suit with actions ex contractu arising out of the same transaction or relating to the same subject-matter.—Code, § 5329. And in the way of further definition of those cases in which amendments must be allowed it is now provided that new counts or statements of the cause of action shall not be held to relate to new causes of action, or causes of action other than that stated in the original complaint, so long as they refer to the same transaction, property, title, and parties as the original.—Code, § 5367. The wrong complained of in this case, the gist of both the original complaint and the complaint as stated in the proposed amendment, was the same, to wit, the wrongful obstruction of the street. The allegations in respect to the diminished value of plaintiff's lot and the loss of profits which would have been earned in plaintiff's business served only to show how and to what extent the

[Harris v. Randolph Lumber Co.]

alleged wrong wrought injury to plaintiff different in kind and degree from that suffered by the general public. Under the statute, and the rule which has always prevailed, the amendment should have been allowed.

We have considered the question as to the propriety of the amendment, the only question presented for review. We will not be understood as intending anything in respect to other questions which will arise in the case.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.