# Howard *v.* Martin.

### *Ejectment.*

(Decided April 10, 1913. 62 South. 99.)

1. *Ejectment; Pleading; Demurrer.*—A plea disclaiming possession in part of the premises sued for, in that "he disclaimed possession of that part of the land sued for easterly of plaintiff's fence, and as to all of the remainder of the premises sued for defendant says he is not guilty," was demurrable in attempting to disclaim as to part of the premises not described with sufficient certainty, and in pleading not guilty as to the remainder, which rendered both the disclaimer and the general issue uncertain.

2. *Same; Disclaimer; Issues.*—A disclaimer in ejectment is not strictly a pleading, and a plaintiff cannot be required to take issue thereon though he may do so if he desires, and as to the land disclaimed he may take judgment without costs, hence, it is essential that the disclaimer be certain.

3. *Same; Inconsistent Pleas.*—Pleas of disclaimer in ejectment and of denial of possession are incompatible defenses, and cannot be pleaded together.

[Howard v. Martin.]

4. *Adverse Possession; Notice; Statutes.*—Where a defendant claims the land both under color of title and as a bona fide purchaser, the statute of registration of adverse claim is without application.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Ejectment by William M. Martin against J. M. Howard. Judgment for defendant and plaintiff appeals. Reversed and remanded.

HARSH, BEDDOW & FITTS, for appellant. The court was in error in sustaining demurrers to the pleas.— *Rayburn v. Elrod,* 43 Ala. 700; *Sims v. Thompson,* 30 Ala. 158; 15 Cyc. 98. Assignments 3, 4, 5, 6, 7, and 8 deal with the introduction of the papers in the chancery case, and they fail to show adverse possession, and although the Register would swear that the papers were out of his office, all this lacks much of proving a valid judicial proceeding by which plaintiff legally acquired rights and titles to the land sued for. The paper purporting to be a lease was improperly admitted.—Jones on Evid., secs. 526, 531-2. A plaintiff must recover on the strength of his own title, or at least on his own prior possession, and this demonstrates that assignments 21, 22, 23, 24 and 25 are sustained.—*Stevens v. Moore,* 116 Ala. 397. The statute is not involved which requires notice of adverse claim, as both parties claim under color of title and as bona fide purchasers. Counsel discuss other assignments of error, but without citation of authority.

A. & F. B. LATADY, for appellee. Where the occupation is without intent on the part of the occupant to claim as his own, land which does not belong to him, but claims only to the true line whatever that may be the holding is not adverse.—*Brown v. Cockerell,* 33

Ala. 45; *Alexander v. Wheeler,* 89 Ala. 172; *Davis v. Caldwell,* 107 Ala. 530; *Taylor v. Fomby,* 116 Ala. 626. In the light of this doctrine the testimony of the appellant is conclusive against his claim.—*Elyton L. Co. v. Denny,* 108 Ala. 553; *Eureka Co. v. Noment,* 104 Ala. 625.

MAYFIELD, J.—This action is the statutory one in the nature of ejectment. The defendant interposed a plea to which a demurrer was sustained. The plea was as follows: "No. 1. Comes defendant and disclaims possession in part of the premises sued for, viz., he disclaims possession of that part of the land sued for easterly of plaintiff's fence, and as to all the remainder of the premises sued for defendant says he is not guilty." The plea is a hybrid; it attempts to disclaim as to a part of the premises, which it fails to describe with sufficient certainty, and pleads not guilty as to the remainder, and this, of course, results in making the latter portion uncertain. If the defendant had a fence extending north and south, across the premises in dispute, and had but one fence of that kind, he might disclaim as to that part of the land east of the fence and plead not guilty as to the remainder, as he attempted to do by this plea; but the plea is lacking in these or similar allegations necessary to make certain the part as to which it disclaimed, and for this reason it was insufficient.

A disclaimer, however, strictly and accurately speaking, is not pleading; the plaintiff cannot be required to take issue upon it. As to the lands disclaimed, he may, if he desire, take judgment therefor, without costs; but he can take issue thereon if he desire. For this reason it is necessary that the plaintiff be certainly informed as to the part which the defendant disclaims possession

of, as well as so informed touching the part as to which he admits possession but denies title. These difficulties and uncertainties, in our system of pleading in actions of ejectment, were pointed out by STONE, C. J., in the case of *McQueen v. Lampley,* 74 Ala. 408, 410, 411, where it was said:

"Disclaimer, or denial of possession, would have put in issue the question, and only the question, of possession. The former is an admission of defendant's possession, with denial of plaintiff's title; the latter an admission of plaintiff's title, with denial of defendant's possession. They are incompatible defenses and cannot be pleaded together.—*Bernstein v. Humes,* 60 Ala. 582 [31 Am. Rep. 52]."

"We submit if there should not be some change of the statute on this subject. Should not a defendant, in a case like the present, have equal right with the plaintiff, who brings him into court, to so plead as to put the question of boundary in issue and have the jury pass upon it? The plaintiff, by controverting the disclaimer and averring the defendant was in possession when the suit was brought, may have a verdict and judgment on the question of boundary. He may, however, decline to do so and thus leave the controversy in such form as to invite other suits."

To meet this deficiency, the statute on the subject (section 3843 of the Code) has been amended and now reads as follows: "The defendant may, in an action of ejectment, or in an action in the nature of ejectment, disclaim possession of the premises sued for, in whole or in part, and upon such disclaimer the plaintiff may take issue; and, if the issue be found for him, he is entitled to judgment as if the defendant had, in an action of ejectment, entered into the consent rule, confessing possession as well as lease, entry and ouster, or,

[Howard v. Martin.]

in an action in the nature of an action of ejectment, had pleaded 'not guilty,' admitting possession. The defendant in his disclaimer may suggest to the court that the suit arises over a disputed boundary line, and thereupon the court shall make up an issue and submit to the jury the question of the true location of the line, and shall render judgment accordingly and order the sheriff to establish and mark the true line, found by the jury, and in such case, apportion the costs justly and equitably."

Following the above Code provision the defendant (appellant here) suggested that the suit arose over a disputed boundary line; but the court, so far as the record proper shows, failed to make up an issue on this suggestion as the statute directs, but the case was tried on defendant's third plea of disclaimer, which disclaimed as to all the land sued for which was west of a survey made by one Wheeler, and pleaded not guilty as to the remainder. The bill of exceptions, however, indicates that the court did make up an issue on this suggestion, and that the trial was had on this issue as to the true boundary line, and not merely on the disclaimer, which was only as to whether or not the Wheeler survey was the true boundary line. In fact, the verdict of the jury, the charge of the court, and the evidence show that the issues litigated were the true boundary line and whether or not plaintiff had been in the adverse possession of the strip of land in dispute for ten years or for three years so as to make good his suggestion of such posesssion as is authorized by section 3846 et seq. of the Code.

There was a great deal of evidence introduced by both parties as to the true boundary line between the lands of plaintiff and defendant. That of the plaintiff tended to show, if it did not show, that the true line was that established by the survey known or described as the

Salter survey, while that of the defendant tended to show that the other survey, known as the Wheeler survey, disclosed the true line. These two lines were parallel and were 320 feet apart, running north and south, for a quarter of a mile, across the 40-acre tract in dispute. It is therefore made to clearly appear that the only question in dispute was, which of the two contending parties owned this land or strip of land? and, if the plaintiff owned it, whether the defendant had been in the adverse possession of it for three years, so as to be entitled to the value of his permanent improvements placed thereon, as provided by our statute on that subject, above referred to.

The trial court, at the request of the plaintiff, instructed the jury as follows:

"(1) I charge you, gentlemen of the jury, that the acts of dominion and ownership proved by the defendant over the strip of land lying between the line called the Wheeler line and the eastern boundary of the land described in the complaint do not constitute adverse possession of that strip of land, and you will find for the plaintiff under the suggestion of the record of adverse possession for three years."

"(2) I charge you, gentlemen of the jury, that if you believe the evidence in this cause you will find for the plaintiff for the strip of land lying between the Wheeler line testified to in the cause and the eastern boundary of the land described in the complaint under the plea of not guilty thereto."

"(3) I charge you, gentlemen of the jury, that there is no conflict in the evidence as to the true eastern boundary of the tract sued for, and that the Salter line, as located by the county surveyor, is the true line of the eastern boundary of the tract sued for, and that under the issues made up by the court under the suggestion

of disputed boundary made by defendant in his disclaimer, if you believe the evidence of Salter, you will find and return the line recently located by Mr. Salter, the county surveyor, to be the true location of the line between the plaintiff and the defendant."

The trial court refused to the defendant the following charges:

"(1) It is for the jury to determine from the evidence in this case whether or not defendant had open, notorious, continuous, and adverse possession of the land sued for, and not disclaimed, for ten years before the filing of this suit."

"(2) It is for the jury to determine from the evidence in this case whether or not defendant had open, notorious, adverse, and continuous possession of the land sued for, and not disclaimed, for three years before the filing of this suit."

"(3) It is for the jury to determine in this case from the evidence whether defendant is in the possession of any part of the land sued for, to the possession of which plaintiff is entitled."

"(4) It is for the jury to determine in this case from the evidence in this case whether or not defendant's suggestion of adverse possession for three years is true."

"(5) If the jury find from the evidence in this case that defendant's suggestion of adverse possession of three years is true, then it will be the duty of the jury to ascertain from the evidence the value of the permanent improvements, if any, made by defendant upon the land."

"(6) I charge you that under the pleadings and evidence in this case, if you believe the evidence, defendant's suggestion of adverse possession is true."

It therefore appears that the trial court in effect directed a verdict for the plaintiff as to all the issues.

[Howard v. Martin.]

In this we think there was error to reverse. The evidence has been carefully examined, and we are of the opinion that there was sufficient evidence to carry all these questions to the jury.

The trial court also erred in excluding all the defendant's evidence, which tended to show adverse possession of this strip of land in question, upon the theory that he had filed no declaration of his intention to so claim such strip. The statute requiring the filing of such written declaration of claim of adverse possession, as it appeared in the Code of 1896, or in that of 1907, does not embrace such a claim as that which the defendant asserts in this case. He claims this land, both under color of title and as a bona fide purchaser; and for this reason the statute in question did not apply to or embrace his claim by its very terms and in its very spirit. This error in excluding all this part of defendant's evidence probably swayed the court in practically directing verdict for the plaintiff upon all the issues, and induced some other errors in rulings upon questions as to evidence. We do not mean to intimate any opinion as to the weight or sufficiency of the defendant's evidence touching adverse possession to carry the questions to the jury.

There are other assignments of error; but as the case must be reversed, and such other questions will probably not arise on another trial, it is unnecessary to notice them.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.