# Roden, *et al. v.* Capehart.

### Ejectment.

(Decided December 16, 1915.   70 South. 757.)

1. Ejectment; Pleading; Boundary Line.—Under § 3843, Code 1907, a defendant in ejectment may interpose a plea of disclaimer and suggest to the court that the suit arose over a disputed boundary line.

2. Pleading; Amendment; Additional Pleas.—The case is not in progress after verdict, and, after verdict rendered, it is proper to refuse to permit a

[Roden, et al. v. Capehart.]

defendant in ejectment to file a plea of not guilty, notwithstanding a party has the right to amend his pleadings during the progress of the case, and without cost or delay, unless injustice will be done the opposite party.

3. Ejectment; Pleading; Amendment.—Under § 5367, Code 1907, a plaintiff in ejectment may be allowed to amend his complaint so as to more specifically describe the lands in suit.

4. Easement; Private Ways.—Where land was originally a private alley the rights of adjoining landowners therein can be alienated or lost by an adverse holding for the statutory period, with knowledge of such claim of the party whose rights are affected.

5. Ejectment; Actions; Issue.—Where defendant disclaimed and filed a suggestion of a disputed boundary line under § 3843, Code 1907, and plaintiff contested the same, the only issue was the location of the boundary line and the affirmance by plaintiff of defendant's possession; hence, charges as to the manner of establishing a boundary line and of loss of right in a private alley separating the premises were without the issues, and therefore erroneous.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by S. C. Capehart against A. P. Roden and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The facts sufficiently appear in the opinion. The following charges were given for plaintiff: (1) If the parties on both sides of the line in question treated it as the true line for more than ten years, this would be the true line.

(2) A true line may be established by agreement and mutual recognition by parties owning land on both sides of the line for a period of more than ten years.

(3) If the parties owning the two lots in question treated a line running near the old chimney place as the true line, and occupied up to it on either side for a period greater than ten years, and that after that time, and within a period of ten years before the commencement of this suit, defendant took possession of a strip of land over on the side of plaintiff, this would make the true line, where it has been treated as being for the period of more than ten years.

(4) The court charges the jury that Capehart and Jackson being the owners of lots 7 and 8, had a right to treat the alley, if any ever did exist, as not being in existence so far as they were concerned, and, if the jury find from a consideration of the evidence that they did this, then the existence or non-existence of such alley has nothing to do with this suit.

STREET & ISBELL, for appellant. JOHN A. LUSK & SON, for appellee.

THOMAS, J.—The suit is in the nature of ejectment, for the recovery of land specifically described, to meet the objection pointed out by this court on former appeal.—*Roden et al. v. Capehart,* 185 Ala. 579, 64 South. 590.

The complaint as amended is as follows: "The plaintiff sues to recover possession of the following tract of land to wit: A strip of land lying on the east side of lot No. 8 on the south side of the Tennessee river, known as the Kitchens, Randall, or Capehart lot, lying and being in Marshall county, Ala., fronting on the north side of the public road from Guntersville to Deposit, Ala., in said county, bounded on the east by lot No. 7, known as the Jackson lot, said lot being 120 feet wide on the north end of said lot, and running back in a southwardly direction 360 feet, and said strip of land of which the defendant is so wrongfully in possession being 25 feet on the east side on said lot extending from the public road to the south end of said lot of which he, the plaintiff, was in the possession, and upon which, pending such possession, and before the commencement of this suit, the defendant entered, and unlawfully withholds, together with $300 for the detention thereof."

The defendants disclaimed possession, and suggested: "That the true location of the line is a straight line touching the westernmost point of the storehouse and the westernmost point of the dwelling house, and extending from the northern to the southern boundary of lots Nos. 7 and 8."

To this disclaimer and suggestion of the true line the plaintiff replied: "That the true boundary line commences at the northeast corner of where an old warehouse formerly stood on lot 8, and running south just by an old chimney place of a house once occupied by Clem Chisolm to the south boundary line of said lot 8, and the true line is two feet east of west side of a storehouse, and four feet east of east side of the only dwelling house on lot 8."

The judgment entry states the issue on which the trial was had, and the verdict rendered as follows: "Defendants disclaim possession of land sued for in plaintiff's complaint and suggest in their disclaimer that the suit arises over a disputed boun-

dary line. Defendants withdraw their plea of not guilty heretofore filed in this cause, and issue of location of true boundary line being made up under the direction of the court. Thereupon come a jury," etc., and say: "We, the jury, find the issues in favor of the plaintiff, and we find the location of the true boundary line in dispute to be as set forth in plaintiff's claim."

(1) The statutory authority for an issue to be made up by the court on such plea of disclaimer and "suggestion to the court that the suit arose over a disputed boundary line" is provided in section 3843 of the Code of 1907. This statute, as an amendment of section 1533 of the Code of 1896, was intended to remedy the difficulties pointed out by Mr. Justice Stone in *McQueen v. Lampley,* 74 Ala. 408.

(2) In the instant case, after the jury had returned a verdict in favor of the plaintiff, the defendants sought to file an additional plea of "not guilty" as to the land lying between the line described in defendant's plea and suggestion and the line described in plaintiff's claim. The refusal of the court to allow such plea is assigned as error. In *Hanchey v. Brunson,* 181 Ala. 453, 61 South. 258, the right of amendment during the progress of the case and without cost or delay, unless an injustice will thereby be done the opposite party, is declared. After verdict has been rendered a cause is not "in progress," in such sense that the right to amend pleadings exists.—*Martin v. Howard,* 193 Ala. 477, 68 South. 982. It has been held that the refusal of the trial court to allow additional pleas after evidence is the exercise of a discretion that will not be revised.—*Craig & Co. v. Pierson L. Co.,* 179 Ala. 535, 60 South. 838; *Decatur Co. v. Foster,* 161 Ala. 176, 49 South. 759; *L. & N. R. R. Co. v. Wynn,* 166 Ala. 418, 51 South. 976; *Leader v. Mattingly,* 140 Ala. 444, 37 South. 270; *Howard v. Martin,* 181 Ala. 613, 62 South. 99.

(3) The complaint as originally filed claimed "25 feet, more or less, on the east side of lot No. 8 on the bank of the Tennessee river, known as the Kitchen or Randall or Capehart lot," and as amended on this trial described specifically the property the subject of this suit in the complaint as first filed. The amendment of the complaint was properly permitted.—Code 1907, § 5367; *Brown v. Loeb,* 177 Ala. 106, 58 South. 330; *Baranco v. Birmingham Term. Co.,* 175 Ala. 146, 57 South. 434; *Floyd v. Wilson,* 163 Ala. 283, 50 South. 122; *Gaines v. B. R.,*

L. & P. Co., 164 Ala. 6, 51 South. 238; *Manistee Mill Co. et al. v. Hobdy,* 165 Ala. 411, 51 South. 871, 138 Am. St. Rep. 73; *Ala. Con. C. & I. Co. v. Heald,* 154 Ala. 580, 45 South. 686; *Johnson v. Martin,* 54 Ala. 271.

(4) Only the tendencies of the evidence are set out in the bill of exceptions. After careful consideration, we cannot say that there is shown a dedication to the public, as an alley, of the narrow strip of land in question, or that it was ever actually opened and used as such. On the evidence before us, no right of the public is involved in or precluded by this suit.—*Demopolis v. Webb,* 87 Ala. 659, 6 South. 408; *Western Railway of Ala. v. G. T. R. R. Co.,* 96 Ala. 272, 11 South. 483, 17 L. R. A. 474; *City of Mobile v. Fowler et al.,* 147 Ala. 403, 41 South. 468; *Smith v. City of Opelika,* 165 Ala. 633, 51 South. 821; *City of Gadsden v. Strother,* 172 Ala. 56, 55 South. 189; *Cloverdale Homes v. Town of Cloverdale,* 182 Ala. 419, 62 South. 712, 47 L. R. A. (N. S.) 607. The fact that a street appears on a map which is referred to in several deeds to land in its vicinity was held, in *City of Mobile v. Fowler et al.,* not of itself equivalent to a dedication and an acceptance.

If the questioned tract of land was originally a private alley, the right therein acquired could have been alienated, or have been lost by an adverse holding for a period that completed the bar of the statute, with the knowledge of such claim by the party whose rights were affected thereby.

The bill of exceptions is explicit that "the survey of said town lots showed an alleyway between lots 7 and 8," and that "for 30 years or more this alleyway had been closed up and not used as such, and that the owners and occupants of said lots 7 and 8 had occupied and enjoyed up to an imaginary line between them." It is therefore clear that, as between the parties, under the pleading, the issue was the "true line" as it had been established between them.

(8) The plaintiff having elected to contest the defendants' disclaimer, the only litigable question on such issue, according to the holding of this court, is the location of this boundary line, and the plaintiff's affirmance of the defendants' posesssion. —Code 1907, § 3843; *Wade v. Gilmer,* 186 Ala. 524, 64 South. 611; *Oliver v. Oliver,* 187 Ala. 340, 65 South. 373; *Howard v. Brannon,* 188 Ala. 532, 66 South. 433.

We may say, for the purpose of another trial, that under the facts disclosed by the record, the question should have been presented, not by the way of disclaimer and a suggestion of the boundary line, but under the general issue.

It results from what we have said that there was error committed by the trial court in giving, at the plaintiff's request, written charges 1, 2, 3, and 4.

. Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.