# Ferguson *v.* Shipp.

### Ejectment.

(Decided December 7, 1916.  73 South. 14.)

1. **Boundaries; Official Survey; Presumption.**—Where the county surveyor did not reduce the survey to a plat, and did not sign any memorial officially, the provisions of § 6023, Code 1907, were without application, and an instruction stating that the survey was presumptive evidence of the facts stated, was erroneous.

2. **Same; Instruction.**—Where it was a necessary conclusion from the description in the deed that the property was in the southwest corner of a particular section, it was not error to instruct the jury that such was the fact.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by C. W. Shipp against R. L. Ferguson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following charges were given at plaintiff's request:

(2) If the elm and the ash mentioned in the deed were not there and could not be found, then the establishment of a corner on the slope of the slough on the river bank does not necessarily operate against the correctness of the survey, if from this point, they ran out and back to beginning, and it made a little over two acres, the survey is presumed to be correct.

. (3) The two acres belonging to defendant is in the southwest corner of fractional section 8, as shown in the deed in evidence made by White and wife to W. H. Ambrester in September, 1882.

· BOULDIN & WIMBERLY, for appellant. JOHN B. TALLY, for appellee.

McCLELLAN, J.—Shipp (appellee) . instituted his action of statutory ejectment against Ferguson (appellant) to recover a plat of land in Jackson county. The defendant disclaimed possession of the land sued for, and suggested that the controversy arose over a disputed boundary line.—Code, § 3843. This statute has been considered and interpreted in the following decisions: *Wade v. Gilmer,* 186 Ala. 524, 64 South. 611; *Oliver v. Oliver,* 187 Ala. 340, 65 South. 373; *Smith v. Bachus,* 195 Ala. 8, 70 South. 261; *Jeffreys v. Jeffreys,* 183 Ala. 617, 62 South. 797; *Howard v. Martin,* 181 Ala. 613, 62 South. 99; *Doe, ex dem. v. Goetchius,* 180 Ala. 381, 387, 61 South. 330; *Roden v. Capehart,* 195 Ala. 29, 70 South. 756, last paragraph at bottom of page 758.

If we correctly interpret the evidence in this bill of exceptions, there would seem to be some doubt whether the primary dispute is not one of title, rather than of disputed boundary; the source of the fundamental differences between the parties litigant being suggested by this inquiry: What two acres (approximately) of land was described in the deeds on which the defendant relies for his rights in the premises?—*Roden v. Capehart, supra.* We moot this question in view of the retrial anticipated, to which we are constrained, by unavoidable pronouncement of prejudicial error, to remand the cause.

(1) The report of the appeal will contain special charges numbered 2 and 3, given at plaintiff's (appellee's) request. In the former (2) the court advised the jury that "the survey is presumed to be correct." The evidence, as reproduced for consideration here, makes no reference to a survey by a county surveyor within the purview of Code, § 6023. It is not made to appear that the county surveyor or surveyors reduced their work to a plat or memorial of any kind or signed any such memorial officially, so as to invoke the statute's (section 6023) effect to make it "presumptive evidence of the facts stated." The county surveyors were competent expert witnesses in the premises; but

they were expert witnesses only, their testimony being unaided by any presumption.—*Bridges v. McClendon,* 56 Ala. 327, 335; *Hess v. Rudder,* 117 Ala. 525, 533, 23 South. 136, 67 Am. St. Rep. 182; *Vandiver v. Vandiver,* 115 Ala. 328, 333, 22 South. 154. This instruction (2) invaded the jury's province by affirming that a presumption of correctness attended the result of the work there done by the county surveyors. The location of at least some of the monuments, so to speak, mentioned in the deeds introduced in evidence by the defendant depended, at this late date, upon parol evidence; the weight and credibility to be accorded that character of evidence offered on the trial being matters for the jury to decide. It cannot be affirmed, on this record, that no prejudice could or did attend the erroneous declaration of the court that the survey, not shown to have been made and preserved as the statute contemplates, was presumed to be correct.

(2) Under the muniments of title to which the defendant refers his assertion of rights, and the evidence before the court, there was no error in instructing the jury, through special charge 3, that the two acres belonging to the defendant were in the southwest corner of fractional section 8. That seems a necessary conclusion from the terms of the deeds upon which the judgment of the court was well invited by charge 3 as requested. The use of the expression "of the southwest corner" did not serve to introduce any uncertainty in the premises, or to indicate an intent to describe a two-acre plat elsewhere than in the southwest corner of fractional section 8, the southernmost point of which was fixed at the junction of the Tennessee river where the fractional section line (north and south) must have had its terminus. The two acres intended to be conveyed appears with all certainty to have been east of the line (north and south) between sections 7 and 8.

For the errors indicated the judgment is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.