(79 South. 307)

SHIPP v. FERGUSON. (8 Div. 80.)

(Supreme Court of Alabama. May 30, 1918.)

1. TRIAL ⊜⟶261 — REQUESTED INSTRUCTION — INACCURACY.

Refusal of requested instruction that a certain tract of land was triangularly shaped was not reversible error, being inaccurate, where land, although possibly more triangular in general shape than rectangular, or otherwise, could not be perfect triangle, one side thereof being a river with broken and meandering line.

2. TRIAL ⊜⟶242—INSTRUCTIONS—MISLEADING TENDENCIES.

Requested instructions were properly refused, where they possessed misleading tendencies.

3. TRIAL ⊜⟶240 — REQUESTED INSTRUCTION — ARGUMENTATIVE.

Requested instruction that, "if the jury reasonably believed from the evidence that the southwest corner of the fractional section 8 is on the Tennessee river, and had been located by four county surveyors of Jackson county, then this corner is the place, according to the deed, to begin to locate the lines of the two acres," was properly refused, being argumentative.

4. TRIAL ⊜⟶240 — REQUESTED INSTRUCTION — ARGUMENTATIVE.

Requested instruction, "if the upper point on the river is to a second gully to an elm and ash and the surveyors run to a gully, but no elm and ash were there, and could not be found, then the failure to find such elm and ash does not operate against the validity of the survey," was properly refused, being argumentative.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by C. W. Shipp against Reuben L. Ferguson. Judgment for defendant, and plaintiff appeals. Affirmed.

The following are the charges noted as refused to defendant:

(1) The boundaries given in the deed describes a piece of land of three sizes, or a triangular shaped piece or parcel of land.

(3) The southwest corner of fractional section 8 is the beginning point of the two-acre tract of defendant's land.

(5) If the jury reasonably believe from the evidence that the southwest corner of fractional section 8 is on the Tennessee river and has been located by four county surveyors of Jackson county, then this corner is the place, according to the deed, to begin to locate the lines of the two acres.

(6) If the upper point on the river is to a second gully to an elm and ash, and the surveyors run to a gully, but no elm and ash were there, and could not be found, then the failure to find such elm and ash does not operate against the validity of the survey.

John B. Tally and Milo Moody, both of Scottsboro, for appellant. Bouldin & Wimberly, of Scottsboro, for appellee.

MAYFIELD, J. This is a statutory action in the nature of ejectment. The defendant, appellee here, filed a plea of disclaimer and issue was joined on this plea. The sole issue therefore was whether or not the defendant was in possession of the lands sued for. The jury found the issue in favor of the defendant; that is, that he was not in possession of the lands sued for.

On the former appeal the defendant suggested that the dispute was over the boundary line between plaintiff and defendant, and invoked section 3843 of the Code to determine and establish this disputed line. See report of the case, 73 South. 414.[1] On the former appeal it was suggested, but not decided, that there was probably a dispute of title otherwise than through the question of boundary line. This question was simplified on the next trial, by the failure to plead the general issue and the withdrawal of the suggestion of a disputed boundary line by taking issue on the defendant's plea of disclaimer. The lands sued for are thus described in the complaint:

"The south part B of fractional section 8, township 4, range 7 east in Jackson county, Alabama, except two acres near Bellefont landing out of the S. W. corner of the land above described and sued for, described as follows: Beginning at a corner or stake on Tennessee river where said fractional section and the land once owned by James Turk and the town landing all come to same corner or stake; thence up the Tennessee river to the second gully to an elm or ash; thence out and back to the beginning so as to embrace two acres, more or less."

The sole issue was whether or not the defendant was in the possession of any land described in the complaint, other than the two-acre tract excepted, and described alike in both the complaint and the plea. Much evidence was introduced as to surveys, ancient boundaries, monuments, etc. The trial court instructed the jury fully, minutely, and correctly, and the jury found the issue in favor of the defendant, as stated. There was abundant evidence to support the finding of the jury, and we see no reason to disturb their decision.

[1] There was no reversible error in refusing any one of plaintiff's requested charges. Charge 1 was not correct. While the two-acre tract, as held on the former appeal and as the trial court instructed the jury, is in the southwest corner of section 8, it does not conclusively follow that it forms a triangle. The one side of it which is certain, is the river, describing necessarily a meandering or broken line, and hence the two-acre tract could not be a perfect triangle though its general shape might be triangular rather than rectangular or otherwise.

---

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 198 Ala. 87.

Charge 2, held correct on the former appeal, was given as charge 8.

[2-4] Charges 3, 5, and 6, possessed misleading tendencies, and 5 and 6 were argumentative. They were properly refused. Every proposition of law involved in them was fully and correctly stated by the trial court in its oral charge.

It follows that the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.