199 So. 868

**TUSCALOOSA VENEER CO. et al. v. AMERICAN MUT. LIABILITY INS. CO.**

6 Div. 740.

Supreme Court of Alabama.

Jan. 16, 1941.

Chas. W. Greer and B. F. Smith, both of Birmingham, for appellants.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellee.

FOSTER, Justice.

This is a second appeal. See 237 Ala. 187, 186 So. 133, where the facts are stated and the conclusion of law reached, that this appellee should have had the affirmative charge. On another trial, it was so given, and plaintiff takes this appeal.

Appellant here, while seemingly not finding fault with the former opinion, makes his argument conflict with the law as it is there interpreted. He insists that on this appeal the facts differentiate the two cases thus shown, in that in this record the evidence shows that the woods operations in question were conducted solely to supply necessary material for the veneer plant, and that such evidence did not so appear on the former appeal. He argues that on that appeal the woods operations were as though they had no connection with the veneer plant.

If the court had so construed the record, there would have been no effort at argument to show that they were not incidental to the veneer plant. A simple statement that they were separate and distinct is all that would have been needed. But the argument of the court was apparently on the tacit assumption that the woods operations were conducted to supply material to the veneer plant.

The earnest contention made on this appeal is the occasion for a further study of the question. But we regard it as more in the nature of a reconsideration of the same question, than of a different one. That is whether the woods operations were either necessary, incidental or appurtenant to or connected with the veneer plant, within the meaning of a liability policy of insurance covering workmen of insured under the facts of this case.

The policy in question did not in terms cover woods operations, but only the veneer plant at Tuscaloosa, with a clause that should insured engage in any operations necessary, incidental or appurtenant to the mill or connected with it, he agreed to pay the premium on such operations at the time of final adjustment of the premium under condition "C" permitting an audit and inspection, and the policy automatically covers liability to employees in such operations.

Insured was sued on the claim and held liable. Tuscaloosa Veneer Co. v. Martin, 233 Ala. 567, 172 So. 608. The insurer defended that suit in co-operation with insured and his counsel, but in doing so denied its coverage, and refused to pay the judgment.

Many cases have been cited by counsel touching the question of whether certain operations were incidental to others. They are not here controlling, since each is dependent upon its respective circumstances and the particular purpose of the inquiry, and none of them were such as this.

We will summarize the facts here shown involving some repetitions. The woods operations, conducted ten miles distant, were not in contemplation when the policy was written; but they were conducted solely to supply necessary material, which could be otherwise procured; the policy automatically covered operations not then conducted nor contemplated, if incidental to the plant operations or connected with them, and no notice of such operations was required by the policy to complete the coverage; for the coverage the basis of the premium rate declared in the policy was the entire remuneration earned during the policy period by all employees engaged in the business operations of the plant and others necessary, incidental or appurtenant to it or connected with it, with no minimum charge. The insurer was permitted at all reasonable times during the policy period to inspect the operations and

446

books of insured so far as they relate to the remuneration earned (condition "C"); an estimated amount being paid in advance. Insured had previously at another plant had such a policy and was then engaged in woods operations to supply material to it, and such operations were specially mentioned in the policy; for insurance on woods operations the State Department of Insurance required a minimum premium of $250 a year, which was paid by insured on such other operations when in effect. This requirement was known - to insured when the present policy was negotiated and when afterwards insured began woods operations ten miles away to supply material to the plant, no notice was given insurer of such woods operations, nor offer made to pay the minimum premium; and insurer had no other information of it until after the accident involved. Martin, the injured man, had been so engaged only about two days, and insured had no one else then so employed. The operation was on a very small scale, and continued only a short period of time.

■ It seems to us that one of the controlling factors in this case is the distinct classification in the two forms of operation for liability insurance under the Workmen's Compensation Act, Code 1923, § 7534 et seq., as required by the State Department of Insurance, and understood and acted on by the parties. We do not think that the contract should be held automatically to cover operations at a distance from the plant on which the liability extends, when such distant operations are of a classification known to the parties to require a different basis for liability insurance premium rates, though such operations are conducted solely to supply necessary material to the plant, but available elsewhere.

■ The use of such terms as "incidental" and "connected" leaves a latitude for construction, dependent upon all its aspects. They have no sharply defined limitations applicable alike to all situations.

We are dealing with two distinct insurance risks with different classifications made by the State Insurance Department; one is on a minimum premium basis, the other is not. The policy is not expressed to be on a minimum basis, and makes no reference to such requirement, but solely on the amount earned by the employees. When the policy covers both, it is usual to so provide in terms and to pay the premium accordingly. When subsequently woods operations are begun, the practice was to have a rider attached so providing with payment of at least the minimum.

It is our opinion that a coverage of one operation so classified should not be construed as automatically to include the other upon the basis of such general terms as here expressed, and that under such a policy neither operation should be construed as incidental to the other or connected with it for the purpose of such coverage.

■ When the Martin case, supra, was in court, defendant, this appellant, acting by his own counsel in co-operation with counsel for insurer, insisted that Martin was an independent contractor and not an employee under the Workmen's Compensation Act. This attitude only called for a legal interpretation of the facts, and it creates no estoppel on the part of the appellant to insist upon his rights as thus interpreted. But it may shed some light upon appellant's conduct in not obtaining a rider for such coverage on the assumption that the Workmen's Compensation Law did not serve to fix their status, and, therefore, that no coverage was needed.

Appellant cannot take an elective attitude as to such coverage, so that its existence as a contract will depend upon the court's interpretation of his relation to his woods worker. As soon as his woods operations began, his policy covered them, and he became liable for the $250, which he has not admitted, or the policy did not so operate. Whether so or not was not dependent upon whether the court held his relation to his woods worker to be that of employer and employee, or of an independent contractor. But he may make a contention as to a legal status without being prohibited from obtaining whatever benefits may result from an adverse ruling. If the policy covers such operations, it should be so enforced. So that we do not attach controlling importance to the fact that appellant made that contention in the Martin case.

But it is our view, as it was on former appeal, that the policy as written, under the circumstances shown, should not be construed to cover the woods operations, and, therefore, that the liability here involved is not included.

Affirmed.

GARDNER, C. J., and BOULDIN and BROWN, JJ., concur.