20 So.2d 505

**BRADLEY et al. v. BALLENTINE.**

8 Div. 297.

Supreme Court of Alabama.

Dec. 14, 1944.

Rehearing Denied Jan. 11, 1945.

S. A. Lynne, of Decatur, for appellants.

274

Finis E. St. John, of Cullman, for appellee.

BROWN, Justice.

This is a statutory action in the nature of ejectment brought by the grantee against the grantor to recover possession of a tract or parcel of land situated in Lawrence County, Alabama, and described in count two of the complaint as, "All of that part of Section 19, Township 4, Range 8, which lies in the North Half (N½) thereof, and North of Buck Bridge Road."

The defendants demurred to the complaint on the following specific grounds: "The complaint does not state the number of acres of land sued for. The number of acres of land sued for in the complaint' are not averred or shown. The description of the land sued for is indefinite and uncertain. The description in the complaint does not locate the land sued for." The demurrer was overruled and this ruling constitutes the basis for the first five assignments of error. The description is, "*All* of that part of Section 19, Township 4, Range 8, which lies in the North Half (N½) thereof, and north of the Buck Bridge Road," be it much or little, and is sufficient. Therefore, the court did not err in overruling the demurrer to said count two of the complaint.

The plaintiff's demurrer to Pleas 1st, 2nd, 3rd, 4th, 5th and 6th, as originally filed and as amended, were properly sustained. The description of the land, the subject-matter of said pleas, was not sufficiently specific. Howard v. Martin, 181 Ala. 613, 62 So. 99. Construing the averments most strongly against the pleader, as must be done on demurrer, they do not aver that the twenty acres described was all the land lying north of Buck Bridge Road. Nor do the pleas specifically describe the twenty acres. Moreover, each of said pleas bearing odd numbers disclaim possession, while the pleas bearing even numbers are pleas of not guilty as to the same lands, and are inconsistent and incompatible, and when pleaded together as to the same land the plea of not guilty waives the disclaimer and admits possession, but disputes the plaintiff's title. Bernstein v. Humes, 60 Ala. 582, 31 Am.Rep. 52; McQueen v. Lampley, 74 Ala. 408; Smith v. Eudy, 216 Ala. 113, 112 So. 640. Said pleas of disclaimer were subject to be stricken on motion and the court will not be put in error for eliminating the same on the specific ground of demurrer that they were incompatible with the plea of not guilty. The ruling as to the even numbered pleas is rendered harmless by the fact that the defendant had the benefit of the same under plea eight. Plea seven (a disclaimer of possession) to which the demurrer was overruled was waived by defendants' plea eight, a plea of not guilty, relating to the same land as described in plea seven. Bernstein v. Humes, 60 Ala. 582, 31 Am.Rep. 52.

By the issues formed between the parties, the plaintiff claimed title to the land described in the second count of the complaint, and the defendants plead not guilty, admitting possession, but controverted plaintiff's title. Code 1940, Tit. 7, § 941.

The plaintiff adduced in evidence a deed executed by the defendant Mrs. Tennie Lee Bradley on the first of October, 1935, to the plaintiff E. S. Ballentine, conveying to him, among other lands, "All of Section 19, Township 4, Range 8, which lies in the North Half (N½) thereof, *except twenty acres,* which is north of Buck Bridge Road," and also adduced evidence showing that the land in controversy lies in the NE¼ of the NE¼ and the NW¼ of NE¼, consisting of 33.47 acres. The evidence also shows without dispute that said deed was executed in consummation of a contract between the parties to sell and convey and to purchase previously executed. The tract of land consisted of 450 acres more or less, located part in Section 18, and part in the North Half of Section 19, Township 4, South, Range 8, West, Lawrence County, Alabama; that aside from the land involved in this suit, the tract conveyed consisted of only 408.8 acres. The evidence further shows that the plaintiff paid the full amount of the purchase money on the date of execution of the deed, that the defendant might procure a confirmation of a sale of said land with others which she had purchased at an administrator's sale made by her as the administratrix of the estate of her deceased husband for the payment of his debts.

The case was removed to the equity docket on motion of the defendant in the ejectment suit, and thereafter a bill was

filed, seeking to reform said deed executed by the defendant to the plaintiff in which proceeding the defendant alleged that the segment or tract of land lying north of Buck Bridge Road in Section 19 consisted of 33.8 acres instead of twenty acres. The right of the defendant in ejectment to remove the cause to the equity docket was sustained in Ballentine v. Bradley et al., 238 Ala. 446, 191 So. 618. The bill was subsequently dismissed on motion of the adverse party after he had answered and the bill had been set down for hearing on the motion to dismiss for want of prosecution and the decree dismissing the bill did not save the complainant from prejudice. The plaintiff's evidence going to show that there was more than twenty acres of the land sued for developed a latent ambiguity in the description of the land excepted in the deed which ordinarily could be explained by the same character of evidence that developed it showing that the tract sued for consisted only of twenty acres and that the twenty acres was all the land lying north of Buck Bridge Road. Karter v. East et al., 220 Ala. 511, 125 So. 655; Chambers v. Ringstaff, 69 Ala. 140. But in the case at bar the defendants in the ejectment suit having alleged in their pleadings procuring the removal of the cause to the equity docket and in the bill thereafter filed that there were 33.8 acres north of said Buck Bridge Road, and on these allegations having established the equity of their bill, are estopped from showing a contrary state of facts, towit, that there were only twenty acres in the segment involved. Sealy v. Lake, 243 Ala. 396, 10 So.2d 364; Mitchell v. Friedlander, Ala.Sup., 19 So.2d 394;[1] Tuscaloosa Veneer Co. v. American Mutual Liability Ins. Co., 240 Ala. 444, 199 So. 868.

The objection made by the plaintiff that defendant was estopped to show that there were twenty acres or less in said tract sued for was sustained without error.

The decree dismissing the bill filed by the defendants in the ejectment suit to reform the deed for want of prosecution after setting the same down for hearing on notice was res adjudicata as to any equitable right of the complainant in that case, the defendant in this suit. Equity Rule 75, Code 1940, Tit. 7, Appendix, p. 1105; Ex parte Jones, 133 Ala. 212, 32 So. 643; Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759. The defendants being estopped to offer evidence to remove the

ambiguity in the deed, it became the duty of the court to declare the exception void. Ballentine v. Bradley et al., 238 Ala. 446, 191 So. 618.

The defendant was allowed by the court to offer evidence in conflict with that offered by plaintiff as to the rental value of the segment or parcel of land lying north of Buck Bridge Road as the basis of the assessment of damages. At the conclusion of evidence the court at the request of plaintiff gave the affirmative charge with hypothesis in his favor and after giving said charge the court instructed the jury as follows:

" 'If you follow the instructions of the court you will find for the property sued for and damages for the rental.' And also, 'I furnish you a form of verdict which you will take out with you,' * * *.

"Gentlemen of the jury, it is for you to determine from the evidence in this case if there is any damages as to the rental value of the land sued for. Whatever the evidence shows that to be, if any, you are the judges of that fact.

"In other words, if [it] is for the jury to say in the first place if there is any evidence on that question of rental damages, and you are to determine the credibility of that evidence, and if you are reasonably satisfied from that evidence that this plaintiff is entitled to recover any damages for the rental of that property you are to determine the amount of such damages."

This charge is not subject to the criticism that it directed a verdict for plaintiff on all issues in the case. We find no error in the record.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.

## On Rehearing.

BROWN, Justice.

The writer confesses that he overlooked the language "save and except the following", in pleas of disclaimer, Nos. 5 and 7, and what was stated in the foregoing opinion was on the assumption that the special pleas of disclaimer and not guilty related to the same land. The trial court did not treat plea 7 as waived by plea 8 and the defendant had the full benefit of her defenses under said pleas 7 and 8.

---

[1] Ante, p. 115

To defeat a recovery by plaintiff the defendant had the burden of making certain the twenty acres excepted from the deed of conveyance made by her to plaintiff, by showing that said twenty acres excepted were all the land lying north of Buck Bridge Road in the North Half of Section 19, Township 4, Range 8, in Lawrence County, Alabama. This burden could not be met by disclaiming possession of and admitting title in plaintiff to all lands north of Buck Bridge Road, except the twenty acres specifically described in defendant's plea of not guilty, nor by showing that the lands so specifically described could be located by a surveyor. Such proof did not tend to make certain the exception in the deed, but confirmed the ambiguity.

After due consideration we are not able to concur in the analysis of the appellant and his interpretation of the allegations of the bill filed on the equity side of the docket after the cause was removed to that docket, and affirm our conclusion that the bill in that case alleges that there were 33.8 acres in the strip of land lying north of Buck Bridge Road in the North Half of Section 19, and that the defendant is estopped to prove that the land lying north of said Buck Bridge Road contained only 20 acres.

We are, therefore, of opinion that the application for rehearing is without merit and should be overruled. It is so ordered.

Application for rehearing overruled.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.